E-FILED
Friday, 08 February, 2008, 10:33:25 AM
Clerk, U.S. District Court, ILCD
FILED

FEB 0 4 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CENTRAL DIVISION

JOHN NEW,                                )
                                         )
     Plaintiff/Petitioner,              )
                                         )
     -VS-                               )     Case No. 07-C-3147-HAB-CHE
                                         )
BRIAN THOMAS, et al.,                    )
                                         )
     Defendant/Respondent(s).           )

## MOTION IN OPPOSITION OF THE
## DEFENDANT(S) MOTION TO DISMISS

NOW COMES, Plaintiff, **John New**, acting **Pro-Se** and on behalf of himself and in opposition of the Defendant(s) **BRIAN THOMAS, SHAUN JUMPER, JOESPH PROCTOR, DIANE DOBIER, SALLY HOUGUS, TARRY WILLIAMS, AND LIBERTY HEALTH CARE CORPORATION**, Motion and Memorandum of Law to Dismiss this Complaint, Plaintiff states as follows:

    1.  Defendants has mis-stated the facts of this case, where these name defendant(s) by and through their attorneys has alleged that the plaintiff has been civilly detained as a "Sexually Violent Person", pursuant to the Illinois Sexually Violent Persons Commitment Act, when in fact plaintiff is presently being held pursuant to an Order of Detention pursuant to Subsection 725 ILCS 207/30(a) which allows for the state to detain a person upon his scheduled release from the Illinois Department of Corrections, if there is probable cause to believe that such a person is - Sexually Violent.  In-order for the plaintiff to be detained as a Sexually Violent Person, under the "Act", plaintiff must have been given a trial pursuant to Subsection 725 ILCS 207/35(f) inwhich a finding by the Court of a Jury is then entered that the Plaintiff is in fact a sexually violent person, in this instant case the plaintiff is now being detained pending a trial inwhich it will be determined that the plaintiff is, or is not a Sexually Violent Person under the "Act", thus early stage of the proceeding, plaintiff is exactly what his complaint alleges, he is a pre-trial detainee, and the defendant(s) claim that the plaintiff has been civilly detained as a "Sexually

Violent Person", is in fact a deliberate lie and an attempt
by the defendant(s) to mis-lead this Honorable Court.  Accordingly
the Defendant(s) Motion to dismiss this complaint should be
denied.

   2.   Defendant(s) has mis-stated the law where they attempt
to mis-lead this Honorable Court into believing that the Plaintiff's
condition of confinement is lawful and does not violate the
Plaintiff's Illinois Article I-Bill of Rights, Section 1, and
Section 2 of the Illinois Constitution, and more-over the Acts
policies and practices of the Defendant(s) as they are described
and complained of in the Plaintiff's Civil Complaint before
this Honorable Court, violates the Plaintiff's United States
Section 1, 14th Amendment Constitutional Rights, Where Plaintiff
has been and is continuously being held in a facility for those
persons who have been adjudge a Sexually violent person, and
he is being subjected to Disciplinary punishment and more-over
the very same conditions of a person who has been lawfully
Civilly Committed under Illinois Sexually Violent Persons Act,
When in fact plaintiff has not been tried and found to be a
Sexually Violent Person  and the legislative language and intent
does not allow for the placement of plaintiff in a secured
facility under Illinois Sexually Violent Persons Act, as the
plaintiff is a pre-trial detained person and the Illinois Sexually
Persons Act allows for only those persons who have been found
to be a Sexually Violent Person under and in accordance with
Subsection 725 ILCS 207/35(f) of the "Act" and thereafter under
and in accordance with Subsection 725 ILCS 207/40(b)(2)(b)(4).
Only Subsection 725 ILCS 207/40(b)(4) of Illinois Sexually
Violent persons "Act", allows for a detained person who has
been given a conditional release and the Department (DHS)
or the state has filed a petition to revoke the conditional
release of a person subject to Subsection 725 ILCS 207/40
(b)(4) can be detained at a Jail, Treatment Facility or hospital,
that detained person is a lawfully civilly committed person
under the "Act", and that person who is a detained person,
is a distinctively different detainee because that person has
been Civilly Committed and the Plaintiff has not because the
plaintiff at all times relevant to the claims alleged in this
complaint has not been given a trial.

3. Plaintiff has not failed to state a claim pursuant to 42 U.S.C. A. §1983, where plaintiff's complaint alleges that he is being unlawfully held in custody at a facility that is by law a facility for those person who have been tried and adjudged to be a Sexually Violent person, and the plaintiff has not, plaintiff has been subjected to unlawful disciplinary punishment and fruadulent disciplinary reports by a private company, the Liberty Health Care Coporation, and it's agents Shan Jumper, Joseph Proctor, Diane Dobier. acting on the behalf of the Liberty Health Care Corporation long standing policy of using punishment and as a means to force pre-trail detained persons to waive there rights to be held in detention in a facility that is within the Illinois Department of Human services, rather that a facility provided by the Illinois Department of Corrections as provided by subsection 725 ILCS 207/50(a) of the (SVP "Act") for the person who have been adjudged as being a sexually Violent Person, the defendant's as named in this complaint has for some time deliberately conspired to treat a pre-trial detained person as if he has been civilly Committed by using force such as disciplinary punishment and fruadulent reports to make a person sign his name to a consent to treatment for Sex Offenders form that is riddled with inaccuracies and with punitively broad waivers one particular waiver is plaintiff's lawful right to be detained in a facility that is within the Illinois Department of Human services while pending trial under the (SVP "Act") the defendants in their motion to dismiss this complaint know that plaintiff at this time by law shall be detained in a facility within the Illinois Department of Human Services pending trial in this matter, See defendants foot-note on page one of their motion to dismiss this complaint, See Subsection 725 ILCS 207/50(a) which the defendant's conveniently left out of their foot-not on page one of their motion to dismiss, Defendant's as anmed herein this complaint has deprived the plaintiff of Due process of Law, they have subjected the plaintiff to unlawful punishment, and they deliberately conspired to deprive the plaintiff of a fair trial under the (SVP "Act") and they have deliberately done all of this for their financial gain because as a private company defendant's before the plaintiff can be tried by the Court or a jury as the (SVP "Act") require, the defendant's has conspired to paint the plaintiff as a being civilly committed under the (SVP "Act") in ordered for them to in their financial

interest force the plaintiff into signing a consent to Sex offenders Treatment Form, and thereby get paid by the Illinois Department of Haman Services, in according to the Contract they are paid under by the state of Illinois, and by forcing the plaintiff into signing to Sex Offenders Treatment Form, they fruadulently pressure the plaint- iff in providing the state with an admission of illness by the plaintiff and thereby eliminate the state's requirement of proving beyound a reasonable doubt that the plaintiff's suffers from a mental disorder as the state is required in accordance with Subsection 725 ILCS 207/35 (d)(1).

4. Plaintiff has not failed to allege a cause of action for deliberate indifference.

5. A Memorandum of Law in support of the foregoing is attached hereto and incorporated herein.

**WHEREFORE**, for the above stated reasons plaintiff respectfully request this Court to grant his Motion in Opposition of the Defendant(s) Motion to Dismiss and thereby allow this complaint to proceed for it is in the interest of justice that the plaintiff so pleads.

Respectully submitted by:

JOHN NEW

_____
John New Pro-se Litigant
TDF
Horney Branch & County Farm Rd.
Rural Rout 1, Box #:6-A
Rushville, Illinois 62681

This procedure has been self notarized under the penalty of perjury this 31ᵗ ᵗʰ day of January , 2008., in accordance with Title 28 U.S.C.A. § 1746 by:

_____
Signature of John New Jr.