E-FILED
Friday, 08 February, 2008 11:04:00 AM
Clerk, U.S. District Court, ILCD

*FILED*

FEB 0 4 2008

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
CENTRAL DIVISION

JOHN NEW,                        )
    Plaintiff/Petitioner,        )
                        )
                        )
  -VS-                           )    Case No. 07-C-3147-HAB-CHE
                        )
BRIAN THOMAS, et al.,            )
    Defendant/Respondent(s).     )

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

NOW COMES, Plaintiff **John New**, acting **Pro-Se** and on behalf of himself, respectfully submits this Memorandum of Law in Opposition of the Defendant's **BRIAN THOMAS, SHAUN JUMPER, JOESPH PROCTOR, DIANE DOBIER, SALLY HOUGUS, TARRY WILLIAMS, and LIBERTY HEALTH CARE CORPORATION**, Motion and Memorandum of Law to Dismiss. Stating:

I.    **INTRODUCTION**

Plaintiff, John New has brought this action under **42 U.S.C.A. § 1983.**, to Challenge the conditions of his confinement, while he is currently, unlawfully being detained at the Rushville Treatment and Detention Facility for Sexually Violent Persons ("TDF"). Plaintiff John New is currently being detained pursuant to an Order of Detention, which allows the Department of Human Services to detain the plaintiff in a facility approved by the Department ("DHS"), it is the plaintiff claim in his complaint that the Rushville Treatment and Detention Facility, is a State of Illinois Facility that is within the Illinois Department of Corrections, and in accordance with the Illinois Sexually Violent Persons Act (Hereinafter the "Act") is provided by the Illinois Department of Corrections as a Secured Facility in accordance with **Subsection 725 ILCS 207/50(a)** for those persons who in accordance with **Subsection 725 ILCS 207/40 (b)(2) of the "Act"**, has been placed in a Secure Facility after a trial and an Initial Commitment Order by the Court has been entered against such a person, Plaintiff John New is not such a person and his confinement

in the Rushville Treatment And Detention Facility, and the punishment
that he has been subjected to at the Rushville Treatment and Detent-
ion Facility is unlawful and in violation of his Illinois Articl -I
Bill of Rights Section 1, and section 2, of the Illinois Constitution,
more-over Plaintiff, John New United States Constitutional Rights to
Procedural Due process of Law, Protected by Section 1, of the 14th.,
Amendment to the United States Constitution has been violated by the
Acts, policy and practises of the defendant's as named herein and they
are continually being violated by these named defendant's. The Defend-
ant's Shan Jumper, Joseph Proctor, Diane Dobier and Liberty Health
Care Corporation, who are private employee's employed by the State of
Illinois under contract to provide sex offenders treatment for those
persons who have been placed in a Secured facility provided by the
Illinois Department of Corrections under and in accordance with 725
ILCS 207/50(a), have move to dismiss under Rule 12(b)(6) of the Fed.
Rules of Civil Procedures, which will (hereinafter be referred to as
"Def. Memorandum".) As discussed below, once a state uses it's power to
restrain an individual's Liberty, the Due Process Clause of the Fourt-
eenth Amendment of the United States Constitution Section 1, must be
applied. Now in this instant case before this Court, the Plaintiff, Mr.
John New is currently being held unlawfully at the Rushville Treatment
and Detention Facility, he is being subjected to disciplinary punish-
ment without any form of Due process of Law by the named defendant in
this complaint. Under the provisions of the Illinois Sexually Violent
Persons Act, (SVP "Act"), the Illinois Department of Corrections in
Accordance with Subsection 725 ILCS 207/10 of the (SVP "Act") is the
agency with the authority to enform the State's Attorney or the Attorney
General in the position to file a petition under paragraph (a)(2) of
Section 15 of the (SVP "Act") See Subsection 725 ILCS 207/10 (a)(b)(c)
of the (SVP "Act") every person who has been convicted of a Sexually
Violent Offense in Illinois is in fact not a Sexually Violent Person
Where the Illinois Department of Corrections, and/or any agency with
jurisdiction such a custody, and the authrity to release or discharge
a person who may meet the criteria for commitment as a sexually violent
person under the (SVP "Act") in the plaintiff's case it was Illinois

Department of  Corrections that,in accordance with Subsection 725 ILCS
207/10 (c) of the (SVP "Act") informed the Attorney General of Mr. New
Scheduled Mandatory Supervised release, and thereafter in accordance
with Sudsection 725 ILCS 207/15 (b)(5) (b-5) of the (SVP "Act") the
Attorney General and the Cook County state's Attorney filed their
petition to have the plaintiff, Mr. John New Involuntarily Civilly
Committed under the (SVP "Act"), on the date December 14, 2005., the
Cook County Circuit Court, in re Detention of John New, Case 05CR80002,
found Probable Cause to believe that John New is Sexually Violent
Person and in accordance 725 ILCS 207/30(a) of the (SVP "Act") ordered
the detention of Plaintiff, Mr. John New in a facility approved by the
Department until a trial inwich Mr. New is discharged, or until the
effective date of a commitment order under Subsection 725 ILCS 207/40
of the (SVP "Act") and it is only the Court under Subsection 725 ILCS
207/40 (b)(1)(2) under the provision of the "Act"can Order that the
Plaintiff, Mr. John New, can be placed in a Secured facility in accord-
ance  Subsection 725 ILCS 207/50 (a)(b) and  although pargraph (c) of
Subsection 725 ILCS 207/50 (c) referr to a detained person being held
in detention in a secured faciliy or committed as a Sexually Violent
Person and held in a secured facility shall be considered a Committed
person as that term is used in Section 3-6-4 of the Unified Code of
Corrections, See Subsection 725 ILCS 207/40 (b)(4), a person who has
been ordered conditional release under paragraph (b)(2) of that Section
and who may have subsequently violated the conditions of his commit-
ment order under pargraph (b)(2) of 40 (b)(4), the Department of Human
Services may detain such a person in a jail, in a hospital or treatment
facility, the only person that the (SVP "Act") allows to be held in a
prison facility, which has been provided to the Illinois Department of
Human Services for the housing and treatment for Sexually Violence is
a person who has been found to be a Sexually Violent Person in accord-
ance with a jury trial or trial by the Court under Subsection 725 ILCS
207/35 (f) and thereafter Ordered for commitment under Subsection 725
ILCS 207/40(b)(2), See Subsection 725 ILCS 207/40(b)(2) See also 725
ILCS 207/50 (a) and (b). Plaintiff John New has been unlawfully held in
a  secured facility provided by the Illinois Department of Corrections

Plaintiff, John New has been subjected to unlawful disciplinary action which has been carried out by the defendant's Shan Jumper, Joseph Proctor, Diane Dobier and Liberty Health Care corporation, Subsection 725 ILCS 207/50 (b) gives the Department of Human Services the lawful authority to operate the facility provided by the Illinois Department of Corrections under subsection (b) of 725 ILCS 207/50 and shall provide by rule for the nature of the facility, the level of care to be provided in the facility, and the custody and discipline of persons placed in the facility. See Subsection 725 ILCS 207/50(b), Plaintiff John New has not been lawfully placed in a secured facility in accordance with 725 ILCS 207/50(b) and he has violated no laws of the state of illinois that would allow for the Illinois Department of Corrections or the Department of Human Services to continue his prison punishment after plaintiff has completed his prision sentence, but the Defendant's as named in the plaintiff's complaint now before this Court, has subjected the plaintiff to unlawful punishment, for their own self serving purposes the defendant's Shan Jumper, Joseph Proctor, Diane Dobier and the Liberty health Care Corporation has tried and they continue to try by the use of unlawful disciplinary punishment to force the plaintiff into signing his name to a consent to treatment for Sex offenders form that is riddled with inaccuracies and with punitively broad waivers thats designed to deny the plaintiff the right to a fair trial See Subsection 725 ILCS 207/35(d)(1), "At a trial on a petition under this Act, the petitioner has the burden of proving the allegation in the petition beyound a reasonable doubt."

## II.  <u>THE COMPLAINT</u>

Plaintiff John New, is a pre-trial Involuntary detained person, he has not be found to be a person who suffers from a mental dis-order, which is a requirement the state must prove to deprive a person under an Order of detention based on probable cause to believe that the person subject to the " Act" sufferes from, in the instant case the defendant(s) as named in this complaint has effectively Involuntarily Civilly Committed Mr. New, Plaintiff without him being given the benifite of a trial which is a requirement of Illinois Constitution, See Illinois Article -I Bill of Rights, Section 1."All men are by nature free and independent and have certain inherent and inalienable rights

among which are life, liberty and the pursuit of happiness." Section
2. Due Process and Equal Protection, " No person shall be deprived of
life liberty or property without Due Process of law nor be denied the
equal protection of the of the law." These very same rights are prov-
ided and incorporated in the Section 1, of the 14th., Amendment of
the United States Constitution, here in this case the defendant as
named in this complaint, are deliberately violating the plaintiff's
state law Right to Due process of and the United states Due process
of Law Rights by effectively Involuntarily Civilly Committing the
Plaintiff Mr. John New by holding him in custody at a facility inwh-
ich the legislative intent and the language of the legislator says
very clearly " The Department", (DHS) shall place a person committed
to a secure facility under paragraph (b)(2) of section 40 of this Act,
at a facility provided by the Department of Corrections under subsec-
tion (b) of this section, See Subsection (b) of 725 ILCS 207/50, this
gives the the Department of Human Services the lawful Authority to
provided the level of Treatment, Costody, and discipline to those per-
son who have been given a trial under that Act and who have been found
to be by law a Sexually Violent Person, Plaintiff Mr. John New, has
served the prison sentence, that was imposed upon him by for the Sex
offense he was charged with, and convicted, of, he is now faced with
a separate lawful act by the state of Illinois, that became law in the
state of Illinois on January 1, 1998, the Sexually Violent person Act,
in Illinois is not and has not been a part of the plaintiff's prison
sentence, if the state or this Court sees it that way then the state is
commiting double jeopardy and ex-post facto, under the (SVP "Act") Mr.
New has a Constitutional Right to first be given a trial and found to
be a Sexually Violent Person, Mr. New has not been given that trial,
and thus at this stage is not a Sexually Violent Person, he is not a
patent, and more-over he is not a prisoner, inmate, resident because
he is not at this time a Civilly Committed person, as such the plaint-
iff has an absolute right to be treated as a pre-trial detained person,
which by law under Subsection 725 ILCS 207/30 (a) of the (SVP "Act")
provides that pre-trial detained person shall be placed in a facility
approved by the Department (DHS) which means a facility within the
Illinois Department of Human services, and not a facility as described

under and in accordance with Subsection 725 ILCS 207/50(a).

III. **ARGUMENT**

    The Due process Clause of the Fourteenth Amendment requires the state to provide pre-trial detained persons, like Mr. John New with the Constitutional Right to a Trial by Jury or the Court before Mr. New can be painted as a Sexually Violent Person and where the legislative intent  provides  a person in Illinois Subject to the Illinois (SVP "Act") a trial, and a hearing before placement in a secured facility, provided by Illinois prison system, the status of the detainee awaiting proceedings under Sexually Violent Persons Act as one who has previously been convicted of a crime dose not limit substantive due process right to be free from punishment to which pre-trial detained persons is entitled while pending a trial See **Jones v. Blanas**, 2004 WL 2979743 --F.3d--(9th. Cir. Cal.) "The Eighth Amendment's prohibition on cruel and unusual punishment give rise to the Constitutional rights of convicted state prisoners. A pre-trial detainee's Constitutional rights are distinct from a prisoner's right because the state can-not punish a pre-trial detainee. Thus, the source of pretrial detainee's rights is the Fourteenth Amendment's Due Process Clause... **Brown v. Budz**, 2005 WL 356807." At issue in this instant case is whether the defendant's can hold a pre-trial detained person in a secured facility provided by the Illinois Department of Corrections, as the Rushville Treatment and Detention facility is a facility provided to the Department of Human Services for the Detention of those people who have been adjudged a sexually Violent Person and in accordance with the legislative intent only and only those person who have been ordered placement by the Court under Subsection **725 ILCS 207/40 (b)(2) and (b)(4) in** a Secured facility under **725 ILCS 207/50 (a) and (b).** Plaintiff who has not been ajudge a Sexually Violent person in accordance with **725 ILCS 207/30 (a)** of the (SVP "Act") mandates the detention of pre-trial detained person in a facility approved by the (DHS) which must be a facility within the Illinois Department of Human Services, as stated in the Defendant's Motion to dismiss page 1, at Foot-note.

Where the legislators in passing the Illinois (SVP "Act") gives clear and specific guide lines as to the process of placing a person subject to the (SVP "Act") in a secured facility provided by the Illinois Department of Corrections as done according to Subsection 725 ILCS 207/50(a), the doctrine of expressio unius est exclusio alterius must apply. See **State v. Beckwith**, 2000 WL 787893*2 (Wash. App. Div. 1 2000) "This doctrine is a rule of Statutory construction See **Landmark Development**, 138 Wn.2d at 572, and in the game of Statutory interpretation, statutory language is the ultimate trump card, See **Brock v. Pierce County**, 476 U.S. 253, 263, 106 S.Ct. 1834, 1841, 90 L.Ed2d 248 (1986). Therefore, the legislature's exclusion of the authority to place a person pending trial in a secured facility under 725 ILCS 207/30(a) is unmistakable under this doctrine, where the legislature clearly states under Subsection 725 ILCS 207/50(a), the department, (meaning the Department of Human Services) shall place a person committed to a secure facility under paragraph **(b)(2) of Section 40 of this Act at a Facility provided by the Department of Corrections under Subsection (b) of this Section.** Under the doctrine of expressio unius est exclusio alterius "[t]he expression of one thing is the exclusion of another. "see **Black's Law Dictionary 581 (6th ed. 1990)** See also Illinois Sexually Violent Persons Act, Appendix hereto. The defendant's herein, has interpreted  Subsection 725ILCS 207/30(a) as meaning that the Department of Human services can approve a secured facility as a detention facility for pre-trial detained men, and approve a facility within the Illinois Department of Human Services for women pre-trial detainee's, when the Illinois Sexually Violent persons Act dose not allow for separate facilities for men and women pre-trial detainee's, Plaintiff John New is now unlawfully being held at a facility for Sexually Violent Offenders while John New has not been adjudged a Sexually Violent Person, John New is being subjected to unlawful disciplinary punishment administered by the Liberty Health Care Corporation and it's agents Shan Jumper, Joseph Proctor and Diane Dobier, there is no law that allows for the Liberty Health Care Corporation to subject the plaintiff to any form of punishment, such as punishment of forcing the plaintiff

A.    RULE 12 (b)(6)

In ruling on a motion to dismiss, the Court must accept as true all well-pleaded facts and allegations in the complaint and construe those allegation in the light most favorable to the plaintiff, drawing all reasonable inference thereform. **Bontkowski v. First Nat'l Bank of Cicero,** 998 F.2d 459, 461 (7th.Cir. 1993); **Midwest Grinding Co. v. Spitz,** 976 F.2d 1016, 1019 (7th. Cir.1992). Because the plaintiff is proceeding **Pro-se,** his pleadings are liberally construed. Dismissal is appropriate only if it appears that the plaintiff can prove no set of facts in support of his claims that would entitled him to relief. **Haines v. Kerner,** 404 U.S. 519 (1972); **Conley v. Gibson,** 355 U.S. 41 45–46 (1957).

B.    **Plaintiff's Allegations Satisfy Notice Pleading**

The Federal Rules of Civil Procedure impose rather minimal requirments upon the drafter of a complaint. Under Rule 8, the complaint need contain only "Short and plain" statements of (1) the ground supporting the district Court's subject matter jurisdiction, (2) "the claim showing that the pleader is entitled to relief," and (3) a demand for judgment for the releif sought by the pleader. Fed. R. Civ. P. 8(a). In **Conley,** the Supreme Court rejected the argument that a Federal Court complaint  must set forth "specific" or detailed facts in support of the claim. **355 U.S. at 47.** The Federal Rules require only that a defendant recieve fair notice of What the Plaintiff claim is and the grounds upon which it rest. " Id as set forth below, Plaintiff, Mr. New's complaint satisfies both pleading requirements. The Due Process Clause place an affirmative duty on the defendant's to provide plaintiff with a trial before he can be subjected to the condition of confindment as that of an Involuntarily Civilly Committed Person. As the Eleventh Circuit has persuasively reasoned, "[I]f pretrial detainees in a criminal proceeding can-not be punished because they have not yet been convicted, [citing bell], then [civil] detainees cannot be subject to conditions of confinement substantially worse than they would face upon Involuntary civil commitment. "**Lynch,** 774 F.2d at 1461. Or to put it more colorfully, purgatory

cannot be worse than hell. Therefore when an individual awaiting (SVP) adjudication is detained under conditions more restrictive than those the individual would face following (SVP) commitment, it  is the treatment is punitive". Here the defendant in thier motion acknowledge that Subsection 725 ILCS 207/30(a) pending trial under the (SVP), the (DHS) can detain a person pending trial in a facility that is within the Department Of Human Services, rather than a facility such as the Rushville Treatment And Detention Facility, because  the Rushville Treatment and Detention Facility, is a facility provided by the Illinois Department of Corrections for the detention of only thos person who by Illinois Sexually Violent Persons Act Have been adjudivated  by an Illinois Court of Law as being Sexually Violent, Plaintiff John New h has not been adjudicated as being a Sexually Violent person by any Court in Illinois. Plaintiff detention as a pre-trial detained person dose not mandate or require that the plaintiff sign his name to consent to Sex Offenders Treatment, defendant(s) claim that they should be allowed to  subject the plaintiff to more harsh conditions for his refusal to consent to treatment and citing **Hargett v. Adams**, 2005 WL 399300, at *8 (ND. Ill. Jan 14, 2005) is misplaced and dose not aplly to the plaintiff Mr.John New since **Hargett v. Adams**, envolves those person who have been adjudicated as being Sexually Violent, and are therefore committed as such, Mr. New has not been Civilly Committed, and thus he is destinctively different from a committed persons. The Defendant(s) Liberty Health Care Corporation, and it's agents acting in it's behalf, Shan Jumper, Joseph Proctor, and Diane Dobier now and for some time since the enactment of the Sexually Persons Act in the State of Illinois, has manipulated unlawfully the (SVP "Act") in Illinois to their advantage for there own financial gain as a private company, pre-Trial Detained persons are distintively defferent than those person who have been adjudged a Sexually Violent Person, Pre-Trial Detained persons under Subsection 725 ILCS 207/30(a) are to be detained within a facility, that is within the Illinois Department of Human Services, and they are to remain as such until a discharge from a trial or a Commitment order has been entered against them See Attached hereto Subsection 725 ILCS 207/30(a) and the Illinois Sexually Violent Persons Act attached hereto and in support of this

Claim.

## CONCLUSION

For all the reasons as so stated herein, the Court should deny the Defendant's Liberty Health Care Corporation, Shan Jumper, Joseph Proctor, Diane Dobier's Motion to dismiss, and allow this complaint to proceed, for this is in the interest of justice that the plaintiff so prays for.

Date: January 31, 2008

Respectfully Submitted by:

JOHN NEW

John New **Pro-se litigant**
**TDF**
Horney Branch & County Farm Rd.
Rural Rout 1, Box 6-A
Rushville, Illinois 62681

John New v. Brian Thomas, et al., No. 07-C-3147-HAB-CHE

## CERTIFICATE OF SERVICE

I, Plaintiff John New, Pro-Se hereby do certify that I have served an exact photocopy of the foregoing Motion and Memorandum of Law in Opposition of the Defendants' Brian Thomas, Shaun Jumper, Joesph Proctor, Diane Dobier, Sally Hougus, Tarry Williams, and Liberty Health Care Corporation, Motion and Memorandum of Law to Dismiss, in support thereof upon:

To: James C. Vlahakis
    Hinshaw & Culbertson LLP
    222 North LaSalle Street
    Suite 300
    Chicago, Ill 60601

To; Micheal J. Lanzdorf
    Assistant Attorney General
    500 South Second Street
    Springfield, Ill 62706

by causing a copy of same, in correctly addressed envelope bearing First Class United States Postage, to be deposited in the United States Mail at the Treatment and Detention Facility, located in Rushville, Illinois 62681, on this date of January 31 2008.

SUBSCRIBED AND SWORN BEFORE TO ME

This 31 day of January 2008

Sandra _____
N O T A R Y   P U B L I C

OFFICIAL SEAL
SANDRA J. HAYS
COMMISSION NO. 655223
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-11-2010

E-FILED
Friday, 08 February, 2008  11:05:10 AM
Clerk, U.S. District Court, ILCD

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/1. Short title

*725 ILCS 207/1*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/1  (2006)

§ 725 ILCS 207/1.  Short title

Sec. 1. Short title. This Act may be cited as the Sexually Violent Persons Commitment Act.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/1. Short title
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:09 PM EST

LexisNexis®     About LexisNexis  | Terms & Conditions
Copyright ©  2006 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC:  Illinois Compiled Statutes Annotated  > / . . . /  > SEXUALLY VIOLENT PERSONS COMMITMENT ACT  >
     § 725 ILCS 207/5. Definitions

*725 ILCS 207/5*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/5  (2006)

§ 725 ILCS 207/5.  Definitions

Sec. 5. Definitions. As used in this Act, the term:

(a) "Department" means the Department of Human Services.

(b) "Mental disorder" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence.

(c) "Secretary" means the Secretary of Human Services.

(d) "Sexually motivated" means that one of the purposes for an act is for the actor's sexual arousal or gratification.

(e) "Sexually violent offense" means any of the following:

   (1) Any crime specified in Section 11-6, 12-13, 12-14, 12-14.1, or 12-16 of the Criminal Code of 1961 [720 ILCS 5/11-6, 720 ILCS 5/12-13, 720 ILCS 5/12-14, 720 ILCS 5/12-14.1, or 720 ILCS 5/12-16]; or

   (1.5) Any former law of this State specified in Section 11-1 (rape), 11-3 (deviate sexual assault), 11-4 (indecent liberties with a child) or 11-4 (aggravated indecent liberties with a child) of the Criminal Code of 1961 [725 ILCS 207/11-1, 725 ILCS 207/11-3, 725 ILCS 207/11-4 or 725 ILCS 207/11-4]; or

   (2) First degree murder, if it is determined by the agency with jurisdiction to have been sexually motivated; or

   (3) Any solicitation, conspiracy or attempt to commit a crime under paragraph (e)(1) or (e)(2) of this Section.

(f) "Sexually violent person" means a person who has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because

he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence.

Source: <u>Legal</u> > / . . . / > <u>IL - Illinois Compiled Statutes Annotated</u> 
TOC: <u>Illinois Compiled Statutes Annotated</u> > <u>/ . . . /</u> > <u>SEXUALLY VIOLENT PERSONS COMMITMENT ACT</u> >
§ 725 ILCS 207/5. Definitions
View: <u>Custom</u>
Segments: Text
Date/Time: Thursday, December 7, 2006 – 5:01 PM EST

LexisNexis®      <u>About LexisNexis</u>  |  <u>Terms & Conditions</u>
<u>Copyright ©</u>  2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔍
TOC:     Illinois Compiled Statutes Annotated  > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT  >
         § 725 ILCS 207/9. (Effective January 1, 2007) Sexually violent person review; written notification to State's
         Attorney

*725 ILCS 207/9*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

*725 ILCS 207/9  (2006)*

§ 725 ILCS 207/9.  (Effective January 1, 2007) Sexually violent person review; written
notification to State's Attorney

   Sec. 9. The Illinois Department of Corrections or the Department of Juvenile Justice, not
later than 6 months prior to the anticipated release from imprisonment or the anticipated
entry into mandatory supervised release of a person who has been convicted or adjudicated
delinquent of a sexually violent offense, shall send written notice to the State's Attorney in
the county in which the person was convicted or adjudicated delinquent of the sexually
violent offense informing the State's Attorney of the person's anticipated release date and
that the person will be considered for commitment under this Act prior to that release date.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔍
TOC:     Illinois Compiled Statutes Annotated  > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT  >
         § 725 ILCS 207/9. (Effective January 1, 2007) Sexually violent person review; written notification to
         State's Attorney
View:    Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:02 PM EST

🌐 LexisNexis®    About LexisNexis | Terms & Conditions
                  Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights
                  reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated  > / . . . /  > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/10. Notice to the Attorney General and State's Attorney

*725 ILCS 207/10*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

**◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/10  (2006)

§ 725 ILCS 207/10.  Notice to the Attorney General and State's Attorney

Sec. 10. Notice to the Attorney General and State's Attorney. (a) In this Act, "agency with jurisdiction" means the agency with the authority or duty to release or discharge the person.

(b) If an agency with jurisdiction has control or custody over a person who may meet the criteria for commitment as a sexually violent person, the agency with jurisdiction shall inform the Attorney General and the State's Attorney in a position to file a petition under paragraph (a)(2) of Section 15 of this Act [725 ILCS 207/15] regarding the person as soon as possible beginning 3 months prior to the applicable date of the following:

(1) The anticipated release from imprisonment or the anticipated entry into mandatory supervised release of a person who has been convicted of a sexually violent offense.

(2) The anticipated release from a Department of Corrections correctional facility or juvenile correctional facility of a person adjudicated delinquent under Section 5-20 of the Juvenile Court Act of 1987 [705 ILCS 405/5-20] (now repealed) or found guilty under Section 5-620 of that Act [705 ILCS 405/5-620], on the basis of a sexually violent offense.

(3) The discharge or conditional release of a person who has been found not guilty of a sexually violent offense by reason of insanity under Section 5-2-4 of the Unified Code of Corrections [730 ILCS 5/5-2-4].

(c) The agency with jurisdiction shall provide the Attorney General and the State's Attorney with all of the following:

(1) The person's name, identifying factors, anticipated future residence and offense history;

(2) A comprehensive evaluation of the person's mental condition, the basis upon which a determination has been made that the person is subject to commitment under subsection (b) of Section 15 of this Act [725 ILCS 207/15] and a recommendation for action in furtherance of the purposes of this Act. The evaluation shall be conducted in conformance with the standards developed under the Sex Offender Management Board Act and by an evaluator approved by the Board; and

(3) If applicable, documentation of any treatment and the person's adjustment to any institutional placement.

(d) Any agency or officer, employee or agent of an agency is immune from criminal or civil liability for any acts or omissions as the result of a good faith effort to comply with this Section.

Source:   Legal > / . . . / > IL – Illinois Compiled Statutes Annotated 
TOC:   Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/10. Notice to the Attorney General and State's Attorney
View:   Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:02 PM EST

⊗° LexisNexis®   About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🗎
TOC:  Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
        § 725 ILCS 207/15. (Effective until January 1, 2007) Sexually violent person petition; contents; filing

*725 ILCS 207/15*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/15 (2006)

THIS SECTION HAS MORE THAN ONE DOCUMENT WITH VARYING EFFECTIVE DATES.

§ 725 ILCS 207/15.  (Effective until January 1, 2007) Sexually violent person petition;
contents; filing

Sec. 15. (a) A petition alleging that a person is a sexually violent person may be filed by:

(1) The Attorney General, at the request of the agency with jurisdiction over the person, as
defined in subsection (a) of Section 10 of this Act [725 ILCS 207/10], or on his or her own
motion. If the Attorney General, after consulting with and advising the State's Attorney of the
county referenced in paragraph (a)(2) of this Section, decides to file a petition under this
Section, he or she shall file the petition before the date of the release or discharge of the
person or within 30 days of placement onto parole or mandatory supervised release for an
offense enumerated in paragraph (e) of Section 5 of this Act [725 ILCS 207/5].

(2) If the Attorney General does not file a petition under this Section, the State's Attorney of
the county in which the person was convicted of a sexually violent offense, adjudicated
delinquent for a sexually violent offense or found not guilty of or not responsible for a
sexually violent offense by reason of insanity, mental disease, or mental defect may file a
petition.

(3) The Attorney General and the State's Attorney referenced in paragraph (a)(2) of this
Section jointly.

(b) A petition filed under this Section shall allege that all of the following apply to the person
alleged to be a sexually violent person:

(1) The person satisfies any of the following criteria:

(A) The person has been convicted of a sexually violent offense;

(B) The person has been found delinquent for a sexually violent offense; or

(C) The person has been found not guilty of a sexually violent offense by reason of

insanity, mental disease, or mental defect.

(2) (Blank).

(3) (Blank).

(4) The person has a mental disorder.

(5) The person is dangerous to others because the person's mental disorder creates a substantial probability that he or she will engage in acts of sexual violence.

(b-5) The petition must be filed:

(1) No more than 90 days before discharge or entry into mandatory supervised release from a Department of Corrections correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense, or for a sentence that is being served concurrently or consecutively with a sexually violent offense, and no more than 30 days after the person's entry into parole or mandatory supervised release; or

(2) No more than 90 days before discharge or release:

  (A) from a Department of Juvenile Justice juvenile correctional facility if the person was placed in the facility for being adjudicated delinquent under Section 5-20 of the Juvenile Court Act of 1987 [705 ILCS 405/5-20] or found guilty under Section 5-620 of that Act [705 ILCS 405/5-620] on the basis of a sexually violent offense; or

  (B) from a commitment order that was entered as a result of a sexually violent offense.

(c) A petition filed under this Section shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person. If the petition alleges that a sexually violent offense or act that is a basis for the allegation under paragraph (b)(1) of this Section was an act that was sexually motivated as provided under paragraph (e)(2) of Section 5 of this Act [725 ILCS 207/5], the petition shall state the grounds on which the offense or act is alleged to be sexually motivated.

(d) A petition under this Section shall be filed in either of the following:

(1) The circuit court for the county in which the person was convicted of a sexually violent offense, adjudicated delinquent for a sexually violent offense or found not guilty of a sexually violent offense by reason of insanity, mental disease or mental defect.

(2) The circuit court for the county in which the person is in custody under a sentence, a placement to a Department of Corrections correctional facility or a Department of Juvenile Justice juvenile correctional facility, or a commitment order.

Source: Legal > / ... / > IL - Illinois Compiled Statutes Annotated ⓘ
TOC: Illinois Compiled Statutes Annotated > / ... / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
      § 725 ILCS 207/15. (Effective until January 1, 2007) Sexually violent person petition; contents; filing
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:02 PM EST

About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights

 LexisNexis®   reserved.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC:  Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/15. (As amended by P.A. 94-992, effective January 1, 2007) Sexually violent person
petition; contents; filing

725 ILCS 207/15

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

✦ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/15  (2006)

THIS SECTION HAS MORE THAN ONE DOCUMENT WITH VARYING EFFECTIVE DATES.

§ 725 ILCS 207/15.  (As amended by P.A. 94-992, effective January 1, 2007) Sexually
violent person petition; contents; filing

Sec. 15. (a) A petition alleging that a person is a sexually violent person may be filed by:

(1) The Attorney General, at the request of the agency with jurisdiction over the person, as
defined in subsection (a) of Section 10 of this Act [725 ILCS 207/10], or on his or her own
motion. If the Attorney General, after consulting with and advising the State's Attorney of the
county referenced in paragraph (a)(2) of this Section, decides to file a petition under this
Section, he or she shall file the petition before the release or discharge of the person or
within 30 days of placement onto parole or mandatory supervised release for an offense
enumerated in paragraph (e) of Section 5 of this Act [725 ILCS 207/5].

(2) If the Attorney General does not file a petition under this Section, the State's Attorney of
the county in which the person was convicted of a sexually violent offense, adjudicated
delinquent for a sexually violent offense or found not guilty of or not responsible for a
sexually violent offense by reason of insanity, mental disease, or mental defect may file a
petition.

(3) The Attorney General and the State's Attorney referenced in paragraph (a)(2) of this
Section jointly.

(b) A petition filed under this Section shall allege that all of the following apply to the person
alleged to be a sexually violent person:

(1) The person satisfies any of the following criteria:

(A) The person has been convicted of a sexually violent offense;

(B) The person has been found delinquent for a sexually violent offense; or

(C) The person has been found not guilty of a sexually violent offense by reason of insanity, mental disease, or mental defect.

(2) (Blank).

(3) (Blank).

(4) The person has a mental disorder.

(5) The person is dangerous to others because the person's mental disorder creates a substantial probability that he or she will engage in acts of sexual violence.

(b-5) The petition must be filed no more than 90 days before discharge or entry into mandatory supervised release from a Department of Corrections or the Department of Juvenile Justice correctional facility for a sentence that was imposed upon a conviction for a sexually violent offense. For inmates sentenced under the law in effect prior to February 1, 1978, the petition shall be filed no more than 90 days after the Prisoner Review Board's order granting parole pursuant to Section 3-3-5 of the Unified Code of Corrections [730 ILCS 5/3-3-5].

(b-6) The petition must be filed no more than 90 days before discharge or release:

(1) from a Department of Juvenile Justice juvenile correctional facility if the person was placed in the facility for being adjudicated delinquent under Section 5-20 of the Juvenile Court Act of 1987 [705 ILCS 405/5-20] or found guilty under Section 5-620 of that Act [705 ILCS 405/5-620] on the basis of a sexually violent offense; or

(2) from a commitment order that was entered as a result of a sexually violent offense.

(b-7) A person convicted of a sexually violent offense remains eligible for commitment as a sexually violent person pursuant to this Act under the following circumstances: (1) the person is in custody for a sentence that is being served concurrently or consecutively with a sexually violent offense; (2) the person returns to the custody of the Illinois Department of Corrections or the Department of Juvenile Justice for any reason during the term of parole or mandatory supervised release being served for a sexually violent offense; or (3) the person is convicted or adjudicated delinquent for any offense committed during the term of parole or mandatory supervised release being served for a sexually violent offense, regardless of whether that conviction or adjudication was for a sexually violent offense.

(c) A petition filed under this Section shall state with particularity essential facts to establish probable cause to believe the person is a sexually violent person. If the petition alleges that a sexually violent offense or act that is a basis for the allegation under paragraph (b)(1) of this Section was an act that was sexually motivated as provided under paragraph (e)(2) of Section 5 of this Act [725 ILCS 207/5], the petition shall state the grounds on which the offense or act is alleged to be sexually motivated.

(d) A petition under this Section shall be filed in either of the following:

(1) The circuit court for the county in which the person was convicted of a sexually violent offense, adjudicated delinquent for a sexually violent offense or found not guilty of a sexually violent offense by reason of insanity, mental disease or mental defect.

(2) The circuit court for the county in which the person is in custody under a sentence, a placement to a Department of Corrections correctional facility or a Department of Juvenile Justice juvenile correctional facility, or a commitment order.

(e) The filing of a petition under this Act shall toll the running of the term of parole or mandatory supervised release until:

(1) dismissal of the petition filed under this Act;

(2) a finding by a judge or jury that the respondent is not a sexually violent person; or

(3) the sexually violent person is discharged under Section 65 of this Act, unless the person has successfully completed a period of conditional release pursuant to Section 60 of this Act.

**HISTORY:**
Source: ✦ P.A. 94-992, § 5.

**NOTES:**
SECTION SET OUT TWICE.
   Multiple versions of this section have been created by the editor to reflect conflicting or postponed legislation.

EFFECT OF AMENDMENTS.
   The 2006 amendment by ✦ P.A. 94-992, effective January 1, 2007, rewrote the section.



LexisNexis®   About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/20. Civil nature of proceedings

725 ILCS 207/20

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

\*\*\* STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 \*\*\*
\*\*\* ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 \*\*\*

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

## ◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/20  (2006)

§ 725 ILCS 207/20.  Civil nature of proceedings

Sec. 20. Civil nature of proceedings. The proceedings under this Act shall be civil in nature. The provisions of the Civil Practice Law [735 ILCS 5/2-101 et seq.], and all existing and future amendments of that Law shall apply to all proceedings hereunder except as otherwise provided in this Act.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/20. Civil nature of proceedings
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:03 PM EST

 LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/25. Rights of persons subject to petition

725 ILCS 207/25

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

♦ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/25 (2006)

§ 725 ILCS 207/25. Rights of persons subject to petition

Sec. 25. Rights of persons subject to petition. (a) Any person who is the subject of a petition filed under Section 15 of this Act [725 ILCS 207/15] shall be served with a copy of the petition in accordance with the Civil Practice Law [735 ILCS 5/2-101 et seq.].

(b) The circuit court in which a petition under Section 15 of this Act [725 ILCS 207/15] is filed shall conduct all hearings under this Act. The court shall give the person who is the subject of the petition reasonable notice of the time and place of each such hearing. The court may designate additional persons to receive these notices.

(c) Except as provided in paragraph (b)(1) of Section 65 and Section 70 of this Act [725 ILCS 207/65 and 725 ILCS 207/70], at any hearing conducted under this Act, the person who is the subject of the petition has the right:

(1) To be present and to be represented by counsel. If the person is indigent, the court shall appoint counsel.

(2) To remain silent.

(3) To present and cross-examine witnesses.

(4) To have the hearing recorded by a court reporter.

(d) The person who is the subject of the petition, the person's attorney, the Attorney General or the State's Attorney may request that a trial under Section 35 of this Act [725 ILCS 207/35] be to a jury. A verdict of a jury under this Act is not valid unless it is unanimous.

(e) Whenever the person who is the subject of the petition is required to submit to an examination under this Act, he or she may retain experts or professional persons to perform an examination. If the person retains a qualified expert or professional person of his or her own choice to conduct an examination, the examiner shall have reasonable access to the person for the purpose of the examination, as well as to the person's past and present treatment records and patient health care records. If the person is indigent, the court shall,

14

upon the person's request, appoint a qualified and available expert or professional person to perform an examination. Upon the order of the circuit court, the county shall pay, as part of the costs of the action, the costs of a court-appointed expert or professional person to perform an examination and participate in the trial on behalf of an indigent person.

Source:     Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 
TOC:        Illinois Compiled Statutes Annotated  > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
            § 725 ILCS 207/25. Rights of persons subject to petition
View:       Custom
Segments:   Text
Date/Time:  Thursday, December 7, 2006 - 5:03 PM EST

⊛ LexisNexis®     About LexisNexis | Terms & Conditions
                  Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights
                  reserved.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔍
TOC:  Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/30. Detention; probable cause hearing; transfer for examination

*725 ILCS 207/30*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

### ◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

*725 ILCS 207/30  (2006)*

§ 725 ILCS 207/30.  Detention; probable cause hearing; transfer for examination

Sec. 30. Detention; probable cause hearing; transfer for examination. (a) Upon the filing of
a petition under Section 15 of this Act [725 ILCS 207/15], the court shall review the petition
to determine whether to issue an order for detention of the person who is the subject of the
petition. The person shall be detained only if there is cause to believe that the person is
eligible for commitment under subsection (f) of Section 35 of this Act [725 ILCS 207/5]. A
person detained under this Section shall be held in a facility approved by the Department. If
the person is serving a sentence of imprisonment, is in a Department of Corrections
correctional facility or juvenile correctional facility or is committed to institutional care and
the court orders detention under this Section, the court shall order that the person be
transferred to a detention facility approved by the Department. A detention order under this
Section remains in effect until the person is discharged after a trial under Section 35 of this
Act [725 ILCS 207/35] or until the effective date of a commitment order under Section 40 of
this Act [725 ILCS 207/40], whichever is applicable.

(b) Whenever a petition is filed under Section 15 of this Act [725 ILCS 207/15], the court
shall hold a hearing to determine whether there is probable cause to believe that the person
named in the petition is a sexually violent person. If the person named in the petition is in
custody, the court shall hold the probable cause hearing within 72 hours after the petition is
filed, excluding Saturdays, Sundays and legal holidays. The court may grant a continuance of
the probable cause hearing for no more than 7 additional days upon the motion of the
respondent, for good cause. If the person named in the petition has been released, is on
parole, is on mandatory supervised release, or otherwise is not in custody, the court shall
hold the probable cause hearing within a reasonable time after the filing of the petition. At
the probable cause hearing, the court shall admit and consider all relevant hearsay evidence.

(c) If the court determines after a hearing that there is probable cause to believe that the
person named in the petition is a sexually violent person, the court shall order that the
person be taken into custody if he or she is not in custody and shall order that the person to be
transferred within a reasonable time to an appropriate facility for an evaluation as to whether
the person is a sexually violent person. If the person who is named in the petition refuses to
speak to, communicate with, or otherwise fails to cooperate with the examining evaluator
from the Department of Human Services or the Department of Corrections, that person may

only introduce evidence and testimony from any expert or professional person who is retained or court-appointed to conduct an examination of the person that results from a review of the records and may not introduce evidence resulting from an examination of the person. Notwithstanding the provisions of Section 10 of the Mental Health and Developmental Disabilities Confidentiality Act [740 ILCS 110/1 et seq.], all evaluations conducted pursuant to this Act and all Illinois Department of Corrections treatment records shall be admissible at all proceedings held pursuant to this Act, including the probable cause hearing and the trial.

If the court determines that probable cause does not exist to believe that the person is a sexually violent person, the court shall dismiss the petition.

(d) The Department shall promulgate rules that provide the qualifications for persons conducting evaluations under subsection (c) of this Section.

(e) If the person named in the petition claims or appears to be indigent, the court shall, prior to the probable cause hearing under subsection (b) of this Section, appoint counsel.

Source:   Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 
TOC:      Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
          § 725 ILCS 207/30. Detention; probable cause hearing; transfer for examination
View:     Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:04 PM EST

🌐 LexisNexis®    About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > /.../ > IL - Illinois Compiled Statutes Annotated ⓘ
TOC: Illinois Compiled Statutes Annotated > /.../ > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/35. Trial

*725 ILCS 207/35*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

*725 ILCS 207/35  (2006)*

§ 725 ILCS 207/35.  Trial

Sec. 35. Trial. (a) A trial to determine whether the person who is the subject of a petition under Section 15 of this Act [725 ILCS 207/15] is a sexually violent person shall commence no later than 120 days after the date of the probable cause hearing under Section 30 of this Act [725 ILCS 207/30]. Delay is considered to be agreed to by the person unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record. Delay occasioned by the person temporarily suspends for the time of the delay the period within which a person must be tried. If the delay occurs within 21 days after the end of the period within which a person must be tried, the court may continue the cause on application of the State for not more than an additional 21 days beyond the period prescribed. The court may grant a continuance of the trial date for good cause upon its own motion, the motion of any party or the stipulation of the parties, provided that any continuance granted shall be subject to Section 103-5 of the Code of Criminal Procedure of 1963 [725 ILCS 5/103-5].

(b) At the trial on the petition it shall be competent to introduce evidence of the commission by the respondent of any number of crimes together with whatever punishments, if any, were imposed. The petitioner may present expert testimony from both the Illinois Department of Corrections evaluator and the Department of Human Services psychologist.

(c) The person who is the subject of the petition, the person's attorney, the Attorney General or the State's Attorney may request that a trial under this Section be by a jury. A request for a jury trial under this subsection shall be made within 10 days after the probable cause hearing under Section 30 of this Act [725 ILCS 207/30]. If no request is made, the trial shall be by the court. The person, the person's attorney or the Attorney General or State's Attorney, whichever is applicable, may withdraw his or her request for a jury trial.

(d)(1) At a trial on a petition under this Act, the petitioner has the burden of proving the allegations in the petition beyond a reasonable doubt.

(2) If the State alleges that the sexually violent offense or act that forms the basis for the petition was an act that was sexually motivated as provided in paragraph (e)(2) of Section 5 of this Act [725 ILCS 207/5], the State is required to prove beyond a reasonable doubt that

the alleged sexually violent act was sexually motivated.

(e) Evidence that the person who is the subject of a petition under Section 15 of this Act [725 ILCS 207/15] was convicted for or committed sexually violent offenses before committing the offense or act on which the petition is based is not sufficient to establish beyond a reasonable doubt that the person has a mental disorder.

(f) If the court or jury determines that the person who is the subject of a petition under Section 15 [725 ILCS 207/15] is a sexually violent person, the court shall enter a judgment on that finding and shall commit the person as provided under Section 40 of this Act [725 ILCS 207/40]. If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent person, the court shall dismiss the petition and direct that the person be released unless he or she is under some other lawful restriction.

(g) A judgment entered under subsection (f) of this Section on the finding that the person who is the subject of a petition under Section 15 [725 ILCS 207/15] is a sexually violent person is interlocutory to a commitment order under Section 40 [725 ILCS 207/40] and is reviewable on appeal.

Source:    Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🗎
TOC:    Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
            § 725 ILCS 207/35. Trial
View:    Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:04 PM EST



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔍
TOC:  Illinois Compiled Statutes Annotated  > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT  >
      § 725 ILCS 207/40. Commitment

*725 ILCS 207/40*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

\*\*\* STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 \*\*\*
\*\*\* ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 \*\*\*

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

**♦ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/40  (2006)

§ 725 ILCS 207/40.  Commitment

   Sec. 40. Commitment. (a) If a court or jury determines that the person who is the subject
of a petition under Section 15 of this Act [725 ILCS 207/15] is a sexually violent person, the
court shall order the person to be committed to the custody of the Department for control,
care and treatment until such time as the person is no longer a sexually violent person.

(b)(1) The court shall enter an initial commitment order under this Section pursuant to a
hearing held as soon as practicable after the judgment is entered that the person who is the
subject of a petition under Section 15 [725 ILCS 207/15] is a sexually violent person. If the
court lacks sufficient information to make the determination required by paragraph (b)(2) of
this Section immediately after trial, it may adjourn the hearing and order the Department to
conduct a predisposition investigation or a supplementary mental examination, or both, to
assist the court in framing the commitment order. A supplementary mental examination
under this Section shall be conducted in accordance with Section 3-804 of the Mental Health
and Developmental Disabilities Code [405 ILCS 5/3-804].

(2) An order for commitment under this Section shall specify either institutional care in a
secure facility, as provided under Section 50 of this Act [725 ILCS 207/50], or conditional
release. In determining whether commitment shall be for institutional care in a secure facility
or for conditional release, the court shall consider the nature and circumstances of the
behavior that was the basis of the allegation in the petition under paragraph (b)(1) of Section
15 [725 ILCS 207/15], the person's mental history and present mental condition, where the
person will live, how the person will support himself or herself, and what arrangements are
available to ensure that the person has access to and will participate in necessary treatment.
All treatment, whether in institutional care, in a secure facility, or while on conditional
release, shall be conducted in conformance with the standards developed under the Sex
Offender Management Board Act [20 ILCS 4026/1 et seq.] and conducted by a treatment
provider approved by the Board. The Department shall arrange for control, care and
treatment of the person in the least restrictive manner consistent with the requirements of
the person and in accordance with the court's commitment order.

(3) If the court finds that the person is appropriate for conditional release, the court shall
notify the Department. The Department shall prepare a plan that identifies the treatment and



services, if any, that the person will receive in the community. The plan shall address the person's need, if any, for supervision, counseling, medication, community support services, residential services, vocational services, and alcohol or other drug abuse treatment. The Department may contract with a county health department, with another public agency or with a private agency to provide the treatment and services identified in the plan. The plan shall specify who will be responsible for providing the treatment and services identified in the plan. The plan shall be presented to the court for its approval within 60 days after the court finding that the person is appropriate for conditional release, unless the Department and the person to be released request additional time to develop the plan. The conditional release program operated under this Section is not subject to the provisions of the Mental Health and Developmental Disabilities Confidentiality Act [740 ILCS 110/1 et seq.].

(4) An order for conditional release places the person in the custody and control of the Department. A person on conditional release is subject to the conditions set by the court and to the rules of the Department. Before a person is placed on conditional release by the court under this Section, the court shall so notify the municipal police department and county sheriff for the municipality and county in which the person will be residing. The notification requirement under this Section does not apply if a municipal police department or county sheriff submits to the court a written statement waiving the right to be notified. If the Department alleges that a released person has violated any condition or rule, or that the safety of others requires that conditional release be revoked, he or she may be taken into custody under the rules of the Department.

At any time during which the person is on conditional release, if the Department determines that the person has violated any condition or rule, or that the safety of others requires that conditional release be revoked, the Department may request the Attorney General or State's Attorney to request the court to issue an emergency ex parte order directing any law enforcement officer to take the person into custody and transport the person to the county jail. The Department may request, or the Attorney General or State's Attorney may request independently of the Department, that a petition to revoke conditional release be filed. When a petition is filed, the court may order the Department to issue a notice to the person to be present at the Department or other agency designated by the court, order a summons to the person to be present, or order a body attachment for all law enforcement officers to take the person into custody and transport him or her to the county jail, hospital, or treatment facility. The Department shall submit a statement showing probable cause of the detention and a petition to revoke the order for conditional release to the committing court within 48 hours after the detention. The court shall hear the petition within 30 days, unless the hearing or time deadline is waived by the detained person. Pending the revocation hearing, the Department may detain the person in a jail, in a hospital or treatment facility. The State has the burden of proving by clear and convincing evidence that any rule or condition of release has been violated, or that the safety of others requires that the conditional release be revoked. If the court determines after hearing that any rule or condition of release has been violated, or that the safety of others requires that conditional release be revoked, it may revoke the order for conditional release and order that the released person be placed in an appropriate institution until the person is discharged from the commitment under Section 65 [725 ILCS 207/65] of this Act or until again placed on conditional release under Section 60 of this Act [725 ILCS 207/60].

(5) An order for conditional release places the person in the custody, care, and control of the Department. The court shall order the person be subject to the following rules of conditional release, in addition to any other conditions ordered, and the person shall be given a certificate setting forth the conditions of conditional release. These conditions shall be that the person:

(A) not violate any criminal statute of any jurisdiction;

(B) report to or appear in person before such person or agency as directed by the court and the Department;

(C) refrain from possession of a firearm or other dangerous weapon;

(D) not leave the State without the consent of the court or, in circumstances in which the reason for the absence is of such an emergency nature, that prior consent by the court is not possible without the prior notification and approval of the Department;

(E) at the direction of the Department, notify third parties of the risks that may be occasioned by his or her criminal record or sexual offending history or characteristics, and permit the supervising officer or agent to make the notification requirement;

(F) attend and fully participate in assessment, treatment, and behavior monitoring including, but not limited to, medical, psychological or psychiatric treatment specific to sexual offending, drug addiction, or alcoholism, to the extent appropriate to the person based upon the recommendation and findings made in the Department evaluation or based upon any subsequent recommendations by the Department;

(G) waive confidentiality allowing the court and Department access to assessment or treatment results or both;

(H) work regularly at a Department approved occupation or pursue a course of study or vocational training and notify the Department within 72 hours of any change in employment, study, or training;

(I) not be employed or participate in any volunteer activity that involves contact with children, except under circumstances approved in advance and in writing by the Department officer;

(J) submit to the search of his or her person, residence, vehicle, or any personal or real property under his or her control at any time by the Department;

(K) financially support his or her dependents and provide the Department access to any requested financial information;

(L) serve a term of home confinement, the conditions of which shall be that the person :

(i) remain within the interior premises of the place designated for his or her confinement during the hours designated by the Department;

(ii) admit any person or agent designated by the Department into the offender's place of confinement at any time for purposes of verifying the person's compliance with the condition of his or her confinement;

(iii) if deemed necessary by the Department, be placed on an electronic monitoring device;

(M) comply with the terms and conditions of an order of protection issued by the court pursuant to the Illinois Domestic Violence Act of 1986 [750 ILCS 60/101 et seq.]. A copy of the order of protection shall be transmitted to the Department by the clerk of the court;

(N) refrain from entering into a designated geographic area except upon terms the Department finds appropriate. The terms may include consideration of the purpose of the entry, the time of day, others accompanying the person, and advance approval by the Department;

(O) refrain from having any contact, including written or oral communications, directly or indirectly, with certain specified persons including, but not limited to, the victim or the victim's family, and report any incidental contact with the victim or the victim's family to the Department within 72 hours; refrain from entering onto the premises of, traveling past, or loitering near the victim's residence, place of employment, or other places frequented by the victim;

(P) refrain from having any contact, including written or oral communications, directly or indirectly, with particular types of persons, including but not limited to members of street gangs, drug users, drug dealers, or prostitutes;

(Q) refrain from all contact, direct or indirect, personally, by telephone, letter, or through another person, with minor children without prior identification and approval of the Department;

(R) refrain from having in his or her body the presence of alcohol or any illicit drug prohibited by the Cannabis Control Act [720 ILCS 550/1 et seq.], the Illinois Controlled Substances Act [720 ILCS 570/100 et seq.], or the Methamphetamine Control and Community Protection Act [720 ILCS 646/1 et seq.], unless prescribed by a physician, and submit samples of his or her breath, saliva, blood, or urine for tests to determine the presence of alcohol or any illicit drug;

(S) not establish a dating, intimate, or sexual relationship with a person without prior written notification to the Department;

(T) neither possess or have under his or her control any material that is pornographic, sexually oriented, or sexually stimulating, or that depicts or alludes to sexual activity or depicts minors under the age of 18, including but not limited to visual, auditory, telephonic, electronic media, or any matter obtained through access to any computer or material linked to computer access use;

(U) not patronize any business providing sexually stimulating or sexually oriented entertainment nor utilize "900" or adult telephone numbers or any other sex-related telephone numbers;

(V) not reside near, visit, or be in or about parks, schools, day care centers, swimming pools, beaches, theaters, or any other places where minor children congregate without advance approval of the Department and report any incidental contact with minor children to the Department within 72 hours;

(W) not establish any living arrangement or residence without prior approval of the Department;

(X) not publish any materials or print any advertisements without providing a copy of the proposed publications to the Department officer and obtaining permission prior to publication;

(Y) not leave the county except with prior permission of the Department and provide the Department officer or agent with written travel routes to and from work and any other designated destinations;

(Z) not possess or have under his or her control certain specified items of contraband related to the incidence of sexually offending items including video or still camera items or children's toys;

(AA) provide a written daily log of activities as directed by the Department;

(BB) comply with all other special conditions that the Department may impose that restrict the person from high-risk situations and limit access or potential victims.

(6) A person placed on conditional release and who during the term undergoes mandatory drug or alcohol testing or is assigned to be placed on an approved electronic monitoring device may be ordered to pay all costs incidental to the mandatory drug or alcohol testing and all costs incidental to the approved electronic monitoring in accordance with the person's ability to pay those costs. The Department may establish reasonable fees for the cost of maintenance, testing, and incidental expenses related to the mandatory drug or alcohol testing and all costs incidental to approved electronic monitoring.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated >
      § 725 ILCS 207/40, Commitment    / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:04 PM EST

LexisNexis®    About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier inc.  All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔢
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/45. Deoxyribonucleic acid analysis requirements

*725 ILCS 207/45*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/45  (2006)

§ 725 ILCS 207/45.  Deoxyribonucleic acid analysis requirements

Sec. 45. Deoxyribonucleic acid analysis requirements. (a)(1) If a person is found to be a sexually violent person under this Act, the court shall require the person to provide a biological specimen for deoxyribonucleic acid analysis in accordance with Section 5-4-3 of the Unified Code of Corrections [730 ILCS 5/5-4-3].

(2) The results from deoxyribonucleic acid analysis of a specimen under paragraph (a)(1) of this Section may be used only as authorized by Section 5-4-3 of the Unified Code of Corrections [730 ILCS 5/5-4-3].

(b) The rules adopted by the Illinois Department of State Police under Section 5-4-3 of the Unified Code of Corrections [730 ILCS 5/5-4-3] are the procedures that must be followed for persons to provide specimens under paragraph (a)(1) of this Section.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔢
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/45. Deoxyribonucleic acid analysis requirements
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:05 PM EST

 LexisNexis®    About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

http://www.lexis.com/research/retrieve?_m=549d66f122263ff45ed71005f55f761 1...

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/50. Secure facility for sexually violent persons

*725 ILCS 207/50*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

### ◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/50 (2006)

§ 725 ILCS 207/50. Secure facility for sexually violent persons

Sec. 50. Secure facility for sexually violent persons. (a) The Department shall place a person committed to a secure facility under paragraph (b)(2) of Section 40 of this Act [725 ILCS 207/40] at a facility provided by the Department of Corrections under subsection (b) of this Section.

(b) The Department may enter into an agreement with the Department of Corrections for the provision of a secure facility for persons committed under paragraph (b)(2) of Section 40 of this Act [725 ILCS 207/40] to a facility. The Department shall operate the facility provided by the Department of Corrections under this subsection and shall provide by rule for the nature of the facility, the level of care to be provided in the facility, and the custody and discipline of persons placed in the facility. The facility operated under this Section shall not be subject to the provisions of the Mental Health and Developmental Disabilities Code [405 ILCS 5/1-100 et seq.].

(c) For the purposes of Section 3-6-4 of the Unified Code of Corrections [730 ILCS 5/3-6-4], a person held in detention in a secure facility or committed as a sexually violent person and held in a secure facility shall be considered a "committed person", as that term is used in Section 3-6-4 of the Unified Code of Corrections [730 ILCS 5/3-6-4].

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/50. Secure facility for sexually violent persons
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:05 PM EST

 LexisNexis®

About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔲
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
   § 725 ILCS 207/55. Periodic reexamination; report

*725 ILCS 207/55*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/55  (2006)

§ 725 ILCS 207/55.  Periodic reexamination; report

Sec. 55. Periodic reexamination; report. (a) If a person has been committed under Section 40 of this Act [725 ILCS 207/40] and has not been discharged under Section 65 of this Act [725 ILCS 207/65], the Department shall submit a written report to the court on his or her mental condition within 6 months after an initial commitment under Section 40 [725 ILCS 207/40] and then at least once every 12 months thereafter for the purpose of determining whether the person has made sufficient progress to be conditionally released or discharged. At the time of a reexamination under this Section, the person who has been committed may retain or, if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her.

(b) Any examiner conducting an examination under this Section shall prepare a written report of the examination no later than 30 days after the date of the examination. The examiner shall place a copy of the report in the person's health care records and shall provide a copy of the report to the court that committed the person under Section 40 [725 ILCS 207/40]. The examination shall be conducted in conformance with the standards developed under the Sex Offender Management Board Act [20 ILCS 4026/1 et seq.] and by an evaluator approved by the Board.

(c) Notwithstanding subsection (a) of this Section, the court that committed a person under Section 40 [725 ILCS 207/40] may order a reexamination of the person at any time during the period in which the person is subject to the commitment order. Any examiner conducting an examination under this Section shall prepare a written report of the examination no later than 30 days after the date of the examination.

(d) Petitions for discharge after reexamination must follow the procedure outlined in Section 65 of this Act [725 ILCS 207/65].

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔲
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
   § 725 ILCS 207/55. Periodic reexamination; report

Search - 72 Results - 207 Page exbolic-reexamination; report          Page 2 of 2

View: **Custom**
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:05 PM EST

LexisNexis®          About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC:  Illinois Compiled Statutes Annotated  > / . . . /  > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/60. Petition for conditional release

725 ILCS 207/60

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/60  (2006)

§ 725 ILCS 207/60.  Petition for conditional release

Sec. 60. Petition for conditional release. (a) Any person who is committed for institutional care in a secure facility or other facility under Section 40 of this Act [725 ILCS 207/40] may petition the committing court to modify its order by authorizing conditional release if at least 6 months have elapsed since the initial commitment order was entered, the most recent release petition was denied or the most recent order for conditional release was revoked. The director of the facility at which the person is placed may file a petition under this Section on the person's behalf at any time.

(b) If the person files a timely petition without counsel, the court shall serve a copy of the petition on the Attorney General or State's Attorney, whichever is applicable and, subject to paragraph (c)(1) of Section 25 of this Act [725 ILCS 207/25], appoint counsel. If the person petitions through counsel, his or her attorney shall serve the Attorney General or State's Attorney, whichever is applicable.

(c) Within 20 days after receipt of the petition, the court shall appoint one or more examiners having the specialized knowledge determined by the court to be appropriate, who shall examine the mental condition of the person and furnish a written report of the examination to the court within 30 days after appointment. The examiners shall have reasonable access to the person for purposes of examination and to the person's past and present treatment records and patient health care records. If any such examiner believes that the person is appropriate for conditional release, the examiner shall report on the type of treatment and services that the person may need while in the community on conditional release. The State has the right to have the person evaluated by experts chosen by the State. Any examination or evaluation conducted under this Section shall be in conformance with the standards developed under the Sex Offender Management Board Act [20 ILCS 4026/1 et seq.] and conducted by an evaluator approved by the Board. The court shall set a probable cause hearing as soon as practical after the examiner's report is filed. If the court determines at the probable cause hearing that cause exists to believe that it is not substantially probable that the person will engage in acts of sexual violence if on release or conditional release, the court shall set a hearing on the issue.

(d) The court, without a jury, shall hear the petition within 30 days after the report of the

court-appointed examiner is filed with the court, unless the petitioner waives this time limit. The court shall grant the petition unless the State proves by clear and convincing evidence that the person has not made sufficient progress to be conditionally released. In making a decision under this subsection, the court must consider the nature and circumstances of the behavior that was the basis of the allegation in the petition under paragraph (b)(1) of Section 15 of this Act [725 ILCS 207/15], the person's mental history and present mental condition, where the person will live, how the person will support himself or herself and what arrangements are available to ensure that the person has access to and will participate in necessary treatment.

(e) Before the court may enter an order directing conditional release to a less restrictive alternative it must find the following: (1) the person will be treated by a Department approved treatment provider, (2) the treatment provider has presented a specific course of treatment and has agreed to assume responsibility for the treatment and will report progress to the Department on a regular basis, and will report violations immediately to the Department, consistent with treatment and supervision needs of the respondent, (3) housing exists that is sufficiently secure to protect the community, and the person or agency providing housing to the conditionally released person has agreed in writing to accept the person, to provide the level of security required by the court, and immediately to report to the Department if the person leaves the housing to which he or she has been assigned without authorization, (4) the person is willing to or has agreed to comply with the treatment provider, the Department, and the court, and (5) the person has agreed or is willing to agree to comply with the behavioral monitoring requirements imposed by the court and the Department.

(f) If the court finds that the person is appropriate for conditional release, the court shall notify the Department. The Department shall prepare a plan that identifies the treatment and services, if any, that the person will receive in the community. The plan shall address the person's need, if any, for supervision, counseling, medication, community support services, residential services, vocational services, and alcohol or other drug abuse treatment. The Department may contract with a county health department, with another public agency or with a private agency to provide the treatment and services identified in the plan. The plan shall specify who will be responsible for providing the treatment and services identified in the plan. The plan shall be presented to the court for its approval within 60 days after the court finding that the person is appropriate for conditional release, unless the Department and the person to be released request additional time to develop the plan.

(g) The provisions of paragraphs (b)(4), (b)(5), and (b)(6) of Section 40 of this Act [725 ILCS 207/40] apply to an order for conditional release issued under this Section.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🗓
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT > § 725 ILCS 207/60. Petition for conditional release
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:06 PM EST



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🗓
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/65. Petition for discharge; procedure

*725 ILCS 207/65*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

**◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/65  (2006)

§ 725 ILCS 207/65.  Petition for discharge; procedure

Sec. 65. Petition for discharge; procedure. (a)(1) If the Secretary determines at any time that a person committed under this Act is no longer a sexually violent person, the Secretary shall authorize the person to petition the committing court for discharge. The person shall file the petition with the court and serve a copy upon the Attorney General or the State's Attorney's office that filed the petition under subsection (a) of Section 15 of this Act [725 ILCS 207/15], whichever is applicable. The court, upon receipt of the petition for discharge, shall order a hearing to be held within 45 days after the date of receipt of the petition.

(2) At a hearing under this subsection, the Attorney General or State's Attorney, whichever filed the original petition, shall represent the State and shall have the right to have the petitioner examined by an expert or professional person of his or her choice. The examination shall be conducted in conformance with the standards developed under the Sex Offender Management Board Act [20 ILCS 4026/1 et seq.] and by an evaluator approved by the Board. The committed person or the State may elect to have the hearing before a jury. The State has the burden of proving by clear and convincing evidence that the petitioner is still a sexually violent person.

(3) If the court or jury is satisfied that the State has not met its burden of proof under paragraph (a)(2) of this Section, the petitioner shall be discharged from the custody or supervision of the Department. If the court is satisfied that the State has met its burden of proof under paragraph (a)(2), the court may proceed under Section 40 of this Act [725 ILCS 207/40] to determine whether to modify the petitioner's existing commitment order.

(b)(1) A person may petition the committing court for discharge from custody or supervision without the Secretary's approval. At the time of an examination under subsection (a) of Section 55 of this Act [725 ILCS 207/55], the Secretary shall provide the committed person with a written notice of the person's right to petition the court for discharge over the Secretary's objection. The notice shall contain a waiver of rights. The Secretary shall forward the notice and waiver form to the court with the report of the Department's examination under Section 55 of this Act [725 ILCS 207/55]. If the person does not affirmatively waive the right to petition, the court shall set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the person is still a sexually violent person. If a

person does not file a petition for discharge, yet fails to waive the right to petition under this Section, then the probable cause hearing consists only of a review of the reexamination reports and arguments on behalf of the parties. The committed person has a right to have an attorney represent him or her at the probable cause hearing, but the person is not entitled to be present at the probable cause hearing. The probable cause hearing under this Section must be held within 45 days of the filing of the reexamination report under Section 55 of this Act [725 ILCS 207/55].

(2) If the court determines at the probable cause hearing under paragraph (b)(1) of this Section that probable cause exists to believe that the committed person is no longer a sexually violent person, then the court shall set a hearing on the issue. At a hearing under this Section, the committed person is entitled to be present and to the benefit of the protections afforded to the person under Section 25 of this Act [725 ILCS 207/25]. The committed person or the State may elect to have a hearing under this Section before a jury. A verdict of a jury under this Section is not valid unless it is unanimous. The Attorney General or State's Attorney, whichever filed the original petition, shall represent the State at a hearing under this Section. The State has the right to have the committed person evaluated by experts chosen by the State. The examination shall be conducted in conformance with the standards developed under the Sex Offender Management Board Act [20 ILCS 4026/1 et seq.] and by an evaluator approved by the Board. At the hearing, the State has the burden of proving by clear and convincing evidence that the committed person is still a sexually violent person.

(3) If the court or jury is satisfied that the State has not met its burden of proof under paragraph (b)(2) of this Section, the person shall be discharged from the custody or supervision of the Department. If the court or jury is satisfied that the State has met its burden of proof under paragraph (b)(2) of this Section, the court may proceed under Section 40 of this Act [725 ILCS 207/40] to determine whether to modify the person's existing commitment order.

Source:   Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 
TOC:   Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT > § 725 ILCS 207/65. Petition for discharge; procedure
View:   Custom
Segments:   Text
Date/Time:   Thursday, December 7, 2006 ‑ 5:06 PM EST

® LexisNexis®   About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated ⓘ
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/70. Additional discharge petitions

725 ILCS 207/70

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/70  (2006)

§ 725 ILCS 207/70.  Additional discharge petitions

Sec. 70. Additional discharge petitions. In addition to the procedures under Section 65 of this Act [725 ILCS 207/65], a committed person may petition the committing court for discharge at any time, and the court must set the matter for a probable cause hearing; however, if a person has previously filed a petition for discharge without the Secretary's approval and the court determined, either upon review of the petition or following a hearing, that the person's petition was frivolous or that the person was still a sexually violent person, then the court shall deny any subsequent petition under this Section without a hearing unless the petition contains facts upon which a court could find that the condition of the person had so changed that a hearing was warranted. If the court finds that a hearing is warranted, the court shall set a probable cause hearing and continue proceedings under paragraph (b)(2) of Section 65 [725 ILCS 207/65], if appropriate. If the person has not previously filed a petition for discharge without the Secretary's approval, the court shall set a probable cause hearing and continue proceedings under paragraph (b)(2) of Section 65 [725 ILCS 207/65], if appropriate.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated ⓘ
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/70. Additional discharge petitions
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:06 PM EST

⊛ LexisNexis®    About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/75. Notice concerning conditional release, discharge, escape, death, or court-ordered
change in the custody status of a detainee or civilly committed sexually

*725 ILCS 207/75*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/75  (2006)

§ 725 ILCS 207/75.  Notice concerning conditional release, discharge, escape, death, or
court-ordered change in the custody status of a detainee or civilly committed sexually violent
person

   Sec. 75. Notice concerning conditional release, discharge, escape, death, or court-ordered
change in the custody status of a detainee or civilly committed sexually violent person. (a) As
used in this Section, the term:

(1) "Act of sexual violence" means an act or attempted act that is a basis for an allegation
made in a petition under paragraph (b)(1) of Section 15 of this Act [725 ILCS 207/15].

(2) "Member of the family" means spouse, child, sibling, parent, or legal guardian.

(3) "Victim" means a person against whom an act of sexual violence has been committed.

(b) If the court places a civilly committed sexually violent person on conditional release under
Section 40 or 60 of this Act [725 ILCS 207/40 or 725 ILCS 207/60] or discharges a person
under Section 65 [725 ILCS 207/65], or if a detainee or civilly committed sexually violent
person escapes, dies, or is subject to any court-ordered change in custody status of the
detainee or sexually violent person, the Department shall make a reasonable attempt, if he
or she can be found, to notify all of the following who have requested notification under this
Act or under the Rights of Crime Victims and Witnesses Act [725 ILCS 120/1 et seq.]:

(1) Whichever of the following persons is appropriate in accordance with the provisions of
subsection (a)(3):

  (A) The victim of the act of sexual violence.

  (B) An adult member of the victim's family, if the victim died as a result of the act of
sexual violence.

  (C) The victim's parent or legal guardian, if the victim is younger than 18 years old.

(34)

(2) The Department of Corrections or the Department of Juvenile Justice.

(c) The notice under subsection (b) of this Section shall inform the Department of Corrections or the Department of Juvenile Justice and the person notified under paragraph (b)(1) of this Section of the name of the person committed under this Act and the date the person is placed on conditional release, discharged, or if a detainee or civilly committed sexually violent person escapes, dies, or is subject to any court-ordered change in the custody status of the detainee or sexually violent person. The Department shall send the notice, postmarked at least 7 days before the date the person committed under this Act is placed on conditional release, discharged, or if a detainee or civilly committed sexually violent person escapes, dies, or is subject to any court-ordered change in the custody status of the detainee or sexually violent person, unless unusual circumstances do not permit advance written notification, to the Department of Corrections or the Department of Juvenile Justice and the last-known address of the person notified under paragraph (b)(1) of this Section.

(d) The Department shall design and prepare cards for persons specified in paragraph (b)(1) of this Section to send to the Department. The cards shall have space for these persons to provide their names and addresses, the name of the person committed under this Act and any other information the Department determines is necessary. The Department shall provide the cards, without charge, to the Attorney General and State's Attorneys. The Attorney General and State's Attorneys shall provide the cards, without charge, to persons specified in paragraph (b)(1) of this Section. These persons may send completed cards to the Department. All records or portions of records of the Department that relate to mailing addresses of these persons are not subject to inspection or copying under Section 3 of the Freedom of Information Act [5 ILCS 140/3].

Source:  Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 
TOC:  Illinois Compiled Statutes Annotated  > / . . . /  > SEXUALLY VIOLENT PERSONS COMMITMENT ACT  > § 725 ILCS 207/75. Notice concerning conditional release, discharge, escape, death, or court-ordered change in the custody status of a detainee or civilly committed sexually
View:  Custom
Segments:  Text
Date/Time:  Thursday, December 7, 2006 - 5:06 PM EST

LexisNexis®      About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



*725 ILCS 207/80*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725. CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

✦ GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY

725 ILCS 207/80 (2006)

§ 725 ILCS 207/80. Applicability

Sec. 80. Applicability. This Act applies to a sexually violent person regardless of whether the person engaged in acts of sexual violence before, on, or after the effective date of this Act.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated 🔲
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/80. Applicability
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 – 5:06 PM EST

 About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*725 ILCS 207/90*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

*** STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 ***
*** ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 ***

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

◆ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/90  (2006)

§ 725 ILCS 207/90.  Committed persons ability to pay for services

Sec. 90. Committed persons ability to pay for services. Each person committed or detained under this Act who receives services provided directly or funded by the Department and the estate of that person is liable for the payment of sums representing charges for services to the person at a rate to be determined by the Department. Services charges against that person take effect on the date of admission or the effective date of this Section. The Department in its rules may establish a maximum rate for the cost of services. In the case of any person who has received residential services from the Department, whether directly from the Department or through a public or private agency or entity funded by the Department, the liability shall be the same regardless of the source of services. When the person is placed in a facility outside the Department, the facility shall collect reimbursement from the person. The Department may supplement the contribution of the person to private facilities after all other sources of income have been utilized; however the supplement shall not exceed the allowable rate under Title XVIII or Title XIX of the Federal Social Security Act [42 U.S.C. § 1395 et seq. and 42 U.S.C. § 1396 et seq.] for those persons eligible for those respective programs. The Department may pay the actual costs of services or maintenance in the facility and may collect reimbursement for the entire amount paid from the person or an amount not to exceed the maximum. Lesser or greater amounts may be accepted by the Department when conditions warrant that action or when offered by persons not liable under this Act. Nothing in this Section shall preclude the Department from applying federal benefits that are specifically provided for the care and treatment of a disabled person toward the cost of care provided by a State facility or private agency. The Department may investigate the financial condition of each person committed under this Act, may make determinations of the ability of each such person to pay sums representing services charges, and for those purposes may set a standard as a basis of judgment of ability to pay. The Department shall by rule make provisions for unusual and exceptional circumstances in the application of that standard. The Department may issue to any person liable under this Act a statement of amount due as treatment charges requiring him or her to pay monthly, quarterly, or otherwise as may be arranged, an amount not exceeding that required under this Act, plus fees to which the Department may be entitled under this Act [725 ILCS 207/90].

(a) Whenever an individual is covered, in part or in whole, under any type of insurance arrangement, private or public, for services provided by the Department, the proceeds from

the insurance shall be considered as part of the individual's ability to pay notwithstanding that the insurance contract was entered into by a person other than the individual or that the premiums for the insurance were paid for by a person other than the individual. Remittances from intermediary agencies under Title XVIII of the Federal Social Security Act [42 U.S.C. § 1395 et seq.] for services to committed persons shall be deposited with the State Treasurer and placed in the Mental Health Fund. Payments received from the Department of Public Aid under Title XIX of the Federal Social Security Act [42 U.S.C. § 1396 et seq.] for services to those persons shall be deposited with the State Treasurer and shall be placed in the General Revenue Fund.

(b) Any person who has been issued a Notice of Determination of sums due as services charges may petition the Department for a review of that determination. The petition must be in writing and filed with the Department within 90 days from the date of the Notice of Determination. The Department shall provide for a hearing to be held on the charges for the period covered by the petition. The Department may after the hearing, cancel, modify, or increase the former determination to an amount not to exceed the maximum provided for the person by this Act [725 ILCS 207/90]. The Department at its expense shall take testimony and preserve a record of all proceedings at the hearing upon any petition for a release from or modification of the determination. The petition and other documents in the nature of pleadings and motions filed in the case, a transcript of testimony, findings of the Department, and orders of the Secretary constitute the record. The Secretary shall furnish a transcript of the record to any person upon payment of 75 cent(s) per page for each original transcript and 25 cent(s) per page for each copy of the transcript. Any person aggrieved by the decision of the Department upon a hearing may, within 30 days thereafter, file a petition with the Department for review of the decision by the Board of Reimbursement Appeals established in the Mental Health and Developmental Disabilities Code [405 ILCS 5/1-100 et seq.]. The Board of Reimbursement Appeals may approve action taken by the Department or may remand the case to the Secretary with recommendation for redetermination of charges.

(c) Upon receiving a petition for review under subsection (b) of this Section, the Department shall thereupon notify the Board of Reimbursement Appeals which shall render its decision thereon within 30 days after the petition is filed and certify such decision to the Department. Concurrence of a majority of the Board is necessary in any such decision. Upon request of the Department, the State's Attorney of the county in which a client who is liable under this Act for payment of sums representing services charges resides, shall institute appropriate legal action against any such client, or within the time provided by law shall file a claim against the estate of the client who fails or refuses to pay those charges. The court shall order the payment of sums due for services charges for such period or periods of time as the circumstances require. The order may be entered against any defendant and may be based upon the proportionate ability of each defendant to contribute to the payment of sums representing services charges including the actual charges for services in facilities outside the Department where the Department has paid those charges. Orders for the payment of money may be enforced by attachment as for contempt against the persons of the defendants and, in addition, as other judgments for the payment of money, and costs may be adjudged against the defendants and apportioned among them.

(d) The money collected shall be deposited into the Mental Health Fund.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated [i]
   TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT > § 725 ILCS 207/90. Committed persons ability to pay for services
   View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:07 PM EST



About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/99. Effective date

*725 ILCS 207/99*

ILLINOIS COMPILED STATUTES ANNOTATED
Copyright 2006 by Matthew Bender & Company, Inc.
member of the LexisNexis Group.
All rights reserved.

\*\*\* STATUTES CURRENT THROUGH PUBLIC ACT 94-1068 \*\*\*
\*\*\* ANNOTATIONS TO STATE CASES CURRENT THROUGH SEPTEMBER 1, 2006 \*\*\*

CHAPTER 725.  CRIMINAL PROCEDURE
SEXUALLY VIOLENT PERSONS COMMITMENT ACT

♦ **GO TO THE ILLINOIS STATUTES ARCHIVE DIRECTORY**

725 ILCS 207/99  (2006)

§ 725 ILCS 207/99.  Effective date

Sec. 99. Effective date. This Act takes effect January 1, 1998.

Source: Legal > / . . . / > IL - Illinois Compiled Statutes Annotated
TOC: Illinois Compiled Statutes Annotated > / . . . / > SEXUALLY VIOLENT PERSONS COMMITMENT ACT >
§ 725 ILCS 207/99. Effective date
View: Custom
Segments: Text
Date/Time: Thursday, December 7, 2006 - 5:07 PM EST

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

In re Detention of Samuelson, 189 Ill.2d 548, 727 N.E.2d 228, 244 Ill.Dec. 929 (Ill. 01/21/2000)

[1]    Illinois Supreme Court

[2]    Docket No. 85469

[3]    189 Ill.2d 548, 727 N.E.2d 228, 244 Ill.Dec. 929, 2000.IL.0042003 <http://www.versuslaw.com>

[4]    January 21, 2000

[5]    **IN RE DETENTION OF DAVID C. SAMUELSON (THE PEOPLE OF THE STATE OF ILLINOIS, APPELLANT,**
**v.**
**DAVID C. SAMUELSON, APPELLEE).**

[6]    The opinion of the court was delivered by: Chief Justice Harrison

[7]    Agenda 13-September 1999.

[8]    At issue in this case is the constitutionality of this state's recently enacted Sexually Violent Persons Commitment Act (725 ILCS 207/1 et seq. (West 1998)), which authorizes the indefinite involuntary commitment of individuals found to be sexually violent persons.

[9]    The case comes before us after the State initiated proceedings in March of 1998 to commit David Samuelson under the new law. Samuelson is an inmate in the Department of Corrections who was about to be released from prison following completion of his sentence for aggravated criminal sexual assault, aggravated criminal sexual abuse, and exhibiting harmful material. Following various developments not relevant here, the court conducted a hearing to determine whether there was probable cause to believe that Samuelson was a sexually violent person within the meaning of the Act  Based on the material presented at that hearing, the circuit court determined that probable cause existed and ordered that Samuelson be transferred to the Sheridan Correctional Center pending trial. 725 ILCS 207/30 (West 1998).

[10]    Before the trial commenced, the circuit court dismissed the State's petition on Samuelson's motion, holding that the Act is unconstitutional. The circuit court's order constituted a final judgment and had the effect of invalidating the Act. The State therefore appealed directly to our court. 134 Ill. 2d R. 302(a). We stayed the circuit court's judgment pending the appeal. For the reasons that follow, we now reverse and remand for further proceedings.

[11]    The Sexually Violent Persons Commitment Act (725 ILCS 207/1 et seq. (West 1998)), which took effect in January of 1998, allows the State to extend the incarceration of criminal defendants beyond the time they would otherwise be entitled to release if those defendants are found to be "sexually violent." Under the Act, a person is deemed to be a "sexually violent person" and therefore subject to extended incarceration if he or she

[12]    "has been convicted of a sexually violent offense, has been adjudicated delinquent for a sexually violent offense, or has been found not guilty of a sexually violent offense by reason of insanity and who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." 725 ILCS 207/5(f) (West 1998).

[13]    For the purposes of this statute, a "sexually violent offense" is defined to mean criminal sexual assault (720 ILCS 5/12-13 (West 1998)), aggravated criminal sexual assault (720 ILCS 5/12-14 (West 1998)), predatory criminal sexual assault of a child (720 ILCS 5/12-14.1 (West 1998)), or aggravated criminal sexual abuse (720 ILCS 5/12-16 (West 1998)); first degree murder, if it is determined by the agency with jurisdiction to have been sexually motivated; or any solicitation, conspiracy or attempt to commit any of the foregoing crimes. 725 ILCS 207/5(e) (West 1998). A "[m]ental disorder" means "a congenital or acquired condition affecting the emotional or volitional capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b) (West 1998).

[14]    The provisions of the Act are triggered when a defendant who has been convicted of a sexually violent offense, adjudicated delinquent on the basis of a sexually violent offense, or been found not guilty of a sexually violent offense by reason of insanity is nearing release or discharge from custody. If the defendant "may meet the criteria for commitment as a sexually violent person," the agency with authority to release or discharge him or her is required to notify the Attorney General and the relevant State's Attorney "as soon as possible beginning 3 months prior to the applicable date of" the defendant's anticipated release or discharge. 725 ILCS 207/10 (West 1998).

[15]    After the requisite notice is given, a petition alleging that the defendant is a sexually violent person may be filed by the Attorney General or, if the Attorney General elects not to proceed, by the relevant State's Attorney. 725 ILCS 207/15 (West 1998). Proceedings on the petition are characterized by the law as civil in nature (725 ILCS 207/20 (West 1998)), but at the trial on the merits, "all rules of evidence in criminal actions apply" and "[a]ll constitutional rights available to a defendant in a criminal proceeding" are available (725 ILCS 207/35(b) (West 1998)). A jury trial can be requested by the defendant, the defendant's attorney, the Attorney General or the State's Attorney. 725 ILCS 207/25(d) (West 1998). The defendant has the right to an attorney and the court must appoint one for him if he is indigent. He has the right to remain silent, the right to be present and to cross-examine witnesses, and the right to have the hearing recorded by a court reporter. In addition, if the defendant is required to submit to an examination, he is entitled to retain experts or professional persons of his own to perform an examination. If the defendant is indigent, the court shall, at the defendant's request, appoint a "qualified and available expert or professional person to perform an examination." 725 ILCS 207/25(e) (West 1998).

[16]    Upon the filing of the petition, the court is required to make a determination as to whether the defendant should be detained and to hold a hearing to determine whether there is probable cause to believe that the defendant is a sexually violent person. If probable cause is not established, the petition must be dismissed. If probable cause is shown and if the defendant is not already in custody, the court must order the defendant taken into custody pending trial. 725 ILCS 207/30(c) (West 1998).

[17]    At trial, the State has the burden of proving the allegations in its petition beyond a reasonable doubt. 725 ILCS 207/35(d)(2) (West 1998). If the court or jury is not satisfied beyond a reasonable doubt that the defendant is a sexually violent person, the court must dismiss the petition and direct that the defendant be released, unless the defendant is under some other lawful restriction. 725 ILCS 207/35 (f) (West 1998). If, on the other hand, the court or jury finds that the defendant is a sexually violent person, the court is required to enter judgment on that finding and order the defendant to be committed to the custody of the Department of Human Services "for control, care and treatment until such time as the person is no longer a sexually violent person." 725 ILCS 207/40(a) (West 1998).

[18]    The initial commitment order is to be made following a hearing. The hearing to be held as soon as practicable after the circuit court's entry of judgment. In the order, the court must specify either institutional care in a secure facility or conditional release. 725 ILCS 207/40(b)(2) (West 1998). If the defendant is committed to institutional care, the Department of Human Services is required to place the defendant in a facility provided by the Department of Corrections. 725 ILCS 207/50 (West 1998).

[19]    After a defendant has been committed to institutional care, the Department of Human Services is to conduct an examination of his mental condition within six months of the initial commitment and again thereafter at least once every 12 months. The purpose of the periodic examinations is to determine whether the defendant has made sufficient progress to be conditionally released or discharged. 725 ILCS 207/55 (West 1998).

[20]    A defendant who has been committed to institutional care may petition the court to authorize conditional release once certain time requirements are met. 725 ILCS 207/60(a) (West 1998). If the defendant files the petition without counsel, the court must serve the Attorney General or State's Attorney and, if the defendant is indigent, appoint counsel to represent him. 725 ILCS 207/60(b) (West 1998).

[21]    Once the defendant has filed his petition for conditional release, the court must appoint one or more examiners to examine the defendant and make a written report. After the report has been submitted, the court, sitting without a jury, must hear the petition and must grant it

[22]    "unless the State proves by clear and convincing evidence that the person is still a sexually violent person and that it is still substantially probable that the person will engage in acts of sexual violence if the person is not confined in a secure facility." 725 ILCS 207/60(d) (West 1998).

[23]    For a defendant to obtain discharge rather than conditional release, three different procedures are available. The first involves the Secretary of the Department of Human Services. If the Secretary determines, at any time, that the defendant is no longer a sexually violent person, the Secretary must authorize the defendant to petition for discharge. As with hearings on petitions for conditional release, the hearing on such a petition for discharge is before the court, sitting without a jury. The State has the right to have the defendant examined by an expert or professional person and has the burden of proving by clear and convincing evidence that the petitioner is still a sexually violent person. If the State cannot meet that burden, the defendant must be discharged. 725 ILCS 207/65(a) (West 1998).

[24]    The second mechanism for discharge is triggered whenever the defendant undergoes one of the periodic examinations required by the statute. At the time of each such examination, the defendant must be given written notice that he has the right to petition for discharge over the Secretary's objection. If the defendant does not affirmatively waive that right, the court must set a probable cause hearing to determine whether facts exist that warrant a hearing on whether the defendant is still a sexually violent person. 725 ILCS 207/65(b)(1) (West 1998).

[25]    If the court finds that there is probable cause to believe that the defendant is no longer a sexually violent person, it must set a hearing on the issue. Again, the hearing is to take place before the court, sitting without a jury, and the State has the burden of proving by clear and convincing evidence that the defendant is still a sexually violent person. 725 ILCS 207/65(b)(2) (West 1998). If the State fails to meet that burden, the defendant is entitled to be discharged. 725 ILCS 207/65(b)(3) (West 1998).

[26]    Finally, the defendant may petition for discharge at times other than the periodic examinations and may do so without the approval of the Secretary. If the defendant has not previously filed a petition for discharge without the Secretary's approval, the court must set a probable cause hearing and, if appropriate, proceed in accordance with the same procedures governing unapproved petitions for review filed at the time of the statutorily mandated periodic examinations. If, on the other hand, the defendant did previously file a petition for discharge without the Secretary's approval and the court determined based on review of the petition or following a hearing that the petition was frivolous or that the defendant was still a sexually violent person, an important limitation applies. The court is required to dismiss the petition without a hearing unless the petition contains facts that would support a finding that the defendant has so changed that a hearing is warranted. 725 ILCS 207/70 (West 1998).

[27]    The case before us today is at a relatively early stage in this process. As previously indicated, the State filed a petition alleging that defendant is a sexually violent person, a hearing was held on that petition, the circuit court determined that there is probable cause to believe that defendant is a sexually violent person, and the court ordered defendant detained pending trial. Trial on the State's petition has not yet taken place.

[28]    There is no dispute that defendant is subject to the Sexually Violent Persons Commitment Act (725 ILCS 207/1 et seq. (West 1998)) by virtue of his criminal convictions for aggravated criminal sexual assault and aggravated criminal sexual abuse. There is no dispute that the proceedings thus far have

been in accordance with the Act. There is no dispute that the circuit court had probable cause to believe that defendant is a sexually violent person within the meaning of the law. At this point in the proceedings, defendant's arguments are addressed solely to the validity of the statute itself. Defendant contends that the law is fatally infirm and cannot be enforced because it denies due process and equal protection; contravenes the prohibition against double jeopardy; violates ex post facto principles; and infringes on the rights secured by article I, section 13, of the Illinois Constitution of 1970, which provides that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." Ill. Const. 1970, art. I, §13.

[29]     In assessing defendant's arguments, we begin with the well-established rule that all statutes carry a strong presumption of constitutionality. Where, as here, the circuit court has found a statute to be unconstitutional, this court conducts de novo review of its determination. Arangold Corp. v. Zehnder, 187 Ill. 2d 341, 351 (1999). The party challenging a statute bears the burden of clearly establishing that it is unconstitutional. Our court will uphold a statute whenever reasonably possible, and any doubts will be resolved in favor of the law's validity. People v. Jeffries, 164 Ill. 2d 104, 111 (1995).

[30]     There is no merit to defendant's contention that the Sexually Violent Persons Commitment Act contravenes the prohibition against double jeopardy and violates ex post facto principles. On these questions, the United States Supreme Court's decision in Kansas v. Hendricks, 521 U.S. 346, 138 L. Ed. 2d 501, 117 S. Ct. 2072 (1997), is dispositive. In Hendricks the court addressed the constitutional validity of a Kansas statute similar to the Illinois law at issue here. The court held that the law was civil rather than criminal in nature and that involuntary confinement pursuant to the law's provisions is not punitive. Accordingly, the court concluded that initiation of its commitment proceedings does not constitute a second prosecution for double jeopardy purposes. Because the law does not impose punishment, the court likewise concluded that it raises no ex post facto concerns. The court held that the ex post facto clause is not implicated for the additional reason that the law does not have retroactive effect. It permits involuntary confinement only where the defendant is currently suffering from a mental abnormality or personality disorder and is likely to pose a future danger to the public. Hendricks, 521 U.S. at 369-71, 138 L. Ed. 2d at 519-21, 117 S. Ct. at 2085-86.

[31]     The points raised by the United States Supreme Court apply with equal force to Illinois' version of the law. As with proceedings under the Kansas statute considered in Hendricks, proceedings under the Sexually Violent Persons Commitment Act are civil rather than criminal in nature. The statute so states (725 ILCS 207/20 (West 1998)), and our appellate court has so recognized. See, e.g., In re Detention of Tiney-Bey, 302 Ill. App. 3d 396, 398-99 (1999); In re Detention of Anders, 304 Ill. App. 3d 117, 122 (1999). In addition, as with the Kansas statute, the law has no retroactive effect. A defendant cannot be involuntarily committed based on past conduct. Involuntary confinement is permissible only where the defendant presently suffers from a mental disorder and the disorder creates a substantial probability that he will engage in acts of sexual violence in the future. 725 ILCS 207/15 (West 1998). The Act is therefore not subject to challenge on either double jeopardy or ex post facto grounds.

[32]     There is likewise no merit to defendant's contention that the Act violates article I, section 13, of our state's constitution, which deals with the right to trial by jury. As our summary of the legislation has indicated, a defendant who is the subject of a petition under the Act has an express right to request

that a jury determine whether he is a sexually violent person. 725 ILCS 207/25(d) (West 1998). The problem with this provision, according to defendant, is that the law does not afford him the concomitant right to have his case decided by the court, sitting without a jury. Even if he does not request a jury and does not want one, the proceedings may still be presented to a jury if the Attorney General or the State's Attorney so requests. 725 ILCS 207/25(d) (West 1998). The only way for a defendant to proceed to a bench trial is if the State acquiesces in his desire to forgo a jury.

[33]     Defendant's challenge to this scheme is premised on the principle that in criminal cases, the right to a jury trial encompasses the right to waive a trial by jury. If a criminal defendant wishes to forgo a jury that desire cannot be overridden by the State. See People ex rel. Daley v. Joyce, 126 Ill. 2d 209, 222 (1988). The flaw in defendant's analysis is that this is not a criminal case. As we have just discussed, proceedings under the Sexually Violent Persons Commitment Act are civil rather than criminal in nature.

[34]     Defendant makes a separate and distinct challenge under article I, section 13, of the 1970 Constitution to those portions of the Sexually Violent Persons Commitment Act governing petitions for conditional release or discharge filed after the initial commitment. The defect defendant claims with respect to those provisions is the converse of the one he raises with respect to initial commitment proceedings. Instead of failing to give a defendant the right to waive a jury trial when he does not want one, the provisions governing conditional release or discharge do not afford a defendant the option of requesting a jury trial when he does want one. Unlike initial commitment proceedings, the rules governing petitions for conditional release or discharge do not authorize jury trials at all. The petitions can only be heard by the court, sitting without a jury. 725 ILCS 207/60(d) (West 1998); 725 ILCS 207/65(b)(2) (West 1998).

[35]     Contrary to defendant's contention, the fact that juries are not available on petitions for conditional release or discharge does not render the legislation infirm under article I, section 13. The right to a jury trial secured by article I, section 13, only attaches in those actions where such right existed under the English common law at the time the constitution was adopted. Article I, section 13, was not intended to guarantee trial by jury in special or statutory proceedings unknown to the common law. Martin v. Heinold Commodities, Inc., 163 Ill. 2d 33, 73-74 (1994). Petitions for conditional release or discharge under the Sexually Violent Persons Commitment Act are such proceedings. They are a new statutory creation. Accordingly, defendant cannot claim that the provisions for conditional release or discharge are invalid under article I, section 13, for failing to provide the option of trial by jury.

[36]     We turn next to defendant's contention that the Sexually Violent Persons Commitment Act violates equal protection under the state and federal constitutions. Our court applies the same analysis to equal protection claims brought under the Illinois Constitution of 1970 as it does to equal protection claims under the United States Constitution. People v. Fisher, 184 Ill. 2d 441, 450 (1998). The right to equal protection of the laws requires the government to treat similarly situated persons in a similar manner. It

[37]     " `does not preclude the State from enacting legislation that draws distinctions between different

categories of people, but it does prohibit the government from according different treatment to persons who have been placed by a statute into different classes on the basis of criteria wholly unrelated to the purpose of the legislation.' " Fisher, 184 Ill. 2d at 450, quoting Jacobson v. Department of Public Aid, 171 Ill. 2d 314, 322 (1996).

[38]     When we review legislation under equal protection analysis, the level of scrutiny applied depends on the type of legislative classification at issue. Classifications based on race or national original or affecting fundamental rights are strictly scrutinized. McLean v. Department of Revenue, 184 Ill. 2d 341, 354 (1998). Intermediate scrutiny applies to discriminatory classifications based on sex or illegitimacy. In all other cases, the court employs the rational basis test. Committee for Educational Rights v. Edgar, 174 Ill. 2d 1, 33 (1996).

[39]     This court (People v. Pembrock, 62 Ill. 2d 317, 321 (1976)) and our appellate court (People v. McDougle, 303 Ill. App. 3d 509, 521 (1999); People v. McVeay, 302 Ill. App. 3d 960, 967-68 (1999)) have held that the Sexually Dangerous Persons Act (725 ILCS 205/0.01 (West 1998)) is subject to the rational basis test. We discern no reason why the same standard should not apply to the Sexually Violent Persons Commitment Act. The statutory classifications assailed by defendant are not based on race, national origin, sex or illegitimacy, nor do they implicate fundamental rights.

[40]     Under the rational basis test, judicial review of legislative classifications is limited and generally deferential. The court simply inquires whether the method or means employed in the statute to achieve the stated goal or purpose of the legislation is rationally related to that goal. If any set of facts can reasonably be conceived to justify the classification, it must be upheld. In re A.A., 181 Ill. 2d 32, 38 (1998).

[41]     Defendant's equal protection arguments are not well defined and have changed over time. Before our court, his principle contention appears to be that the law is invalid because it does not afford defendants the same rights available to defendants in criminal cases or to persons facing involuntary admission to a mental health facility pursuant to the Mental Health and Developmental Disabilities Code (405 ILCS 5/1-100 et seq. (West 1998)). This contention is without merit. As our survey of the law has indicated, the Sexually Violent Persons Commitment Act does afford defendants a wide range of protections available to individuals facing criminal prosecution. See 725 ILCS 207/25, 35(b) (West 1998). Although disparities do exist, statutory proceedings under the Act are civil rather than criminal in nature, and it is by no means irrational for the General Assembly to treat civil litigants different from criminal ones.

[42]     That differences exist between the Sexually Violent Persons Commitment Act and the Mental Health and Developmental Disabilities Code likewise presents no equal protection problems. In People v. Pembrock, 62 Ill. 2d 317, 321-22 (1976), our court considered a similar challenge involving the Sexually Dangerous Persons Act. There, as here, the claim was made that the statute was invalid because there were substantial differences between commitment proceedings under the Act and proceedings under what was then known as the Mental Health Code. We rejected that argument by noting that persons subject to the Sexually Dangerous Persons Act possess characteristics which set them apart from the greater class of persons who fall within the Mental Health Code , and such

persons present different societal problems. These same considerations are equally applicable here. The provisions governing involuntary admission of adults to mental health facilities under the Mental Health and Developmentally Disabilities Code apply generally to individuals suffering from mental illness. By contrast, far more specific criteria must be met to qualify as a sexually violent person under the Sexually Violent Persons Commitment Act. The defendant must have been convicted of a sexually violent offense or been adjudicated a delinquent for a sexually violent offense or been found not guilty of a sexually violent offense by reason of insanity and he must suffer from a mental disorder that makes it substantially probable that he will engage in acts of sexual violence in the future. 725 ILCS 207/5(f) (West 1998). If sexually dangerous persons present different societal problems than those whose conduct is subject to the larger, more inclusive class as defined by the Mental Health and Developmentally Disabilities Code, the same is surely true of defendants who meet the foregoing criteria and qualify as sexually violent persons. Accordingly, we cannot say that the classification formulated by the legislature is unreasonable.

[43]    Defendant's final argument is that the Sexually Violent Persons Commitment Act is invalid because the procedures for post-commitment discharge do not satisfy the requirements of due process. This argument was adopted by the circuit court and appears to have been the primary basis for its decision. According to the circuit court, the post-commitment discharge proceedings set forth in the Act are constitutionally infirm because such proceedings are not automatic, they require defendants to make an initial showing that there is probable cause to believe that they are no longer sexually violent persons in cases where the petition has not been authorized by the Secretary of the Department of Human Services, they reduce the State's burden of proof from beyond a reasonable doubt to clear and convincing, and they do not afford defendants the option of having the matter tried before a jury.

[44]    In cases of involuntary civil commitment, due process does not require the State to prove its case beyond a reasonable doubt. The State may confine a mentally ill person if it shows by clear and convincing evidence that the individual is mentally ill and dangerous. Foucha v. Louisiana, 504 U.S. 71, 30, 118 L. Ed. 2d 437, 448, 112 S. Ct. 1780, 1786 (1992); Addington v. Texas, 441 U.S. 418, 60 L. Ed. 2d 323, 99 S. Ct. 1804 (1979). Because due process does not require proof beyond a reasonable doubt to sustain the initial commitment, it does not require proof beyond a reasonable doubt in subsequent discharge proceedings. The Sexually Violent Persons Commitment Act is therefore not subject to challenge on this basis.

[45]    With respect to the remaining deficiencies cited by the circuit court, defendant has not presented and the circuit court did not cite any authority to support a finding that due process has been violated. In view of the limited argument presented to us on this issue, we are reluctant to issue a blanket pronouncement that the post-commitment discharge procedures present no due process problems. We hold simply that the defendant in this case has failed to meet his burden of clearly establishing that those procedures are unconstitutional.

[46]    For the foregoing reasons, the judgment of the circuit court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

VersusLaw Research Database

[47]    Reversed and remanded.

[48]    JUSTICE RATHJE, specially concurring:

[49]    I agree with the majority's conclusion that respondent *fn1 failed to meet his burden of
demonstrating that the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 et seq.
(West 1998)) violates either the equal protection clause or the due process clause. I do not agree,
however, with the majority's decision to address other arguments not raised in respondent's brief. The
majority addresses respondent's contentions that the Act contravenes the prohibition against double
jeopardy; violates ex post facto principles; and violates article I, section 13, of the Illinois
Constitution. Although respondent raised those arguments at the trial court level, he abandoned them
on appeal when he failed to include them in his brief. These arguments therefore are waived (see 177
Ill. 2d Rs. 341(e)(7), (f)), and this court should not address them.

[50]    JUSTICE HEIPLE, dissenting:

[51]    Defendant David Samuelson pled guilty to aggravated criminal sexual assault and aggravated
criminal sexual abuse on March 1, 1990. He was sentenced to concurrent terms of 15 and seven years
in the penitentiary. Defendant was subsequently scheduled to begin supervised release on March 5,
1993. One day before his release, however, the State instituted proceedings to further incarcerate him
under the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 et seq. (West
1993)), which first became law in 1998. The Act authorizes the State to commit defendants found to
be"[s]exually violent person[s]" for an indefinite period of time after the completion of their criminal
sentences. 725 ILCS 207/5(f) (West 1998).

[52]    Defendant argues that the Act violates the Illinois Constitution's provision that a person shall not "be
twice put in jeopardy for the same offense" (Ill. Const. 1970, art. I, §10) because the Act imposes a
second punishment upon a criminal defendant who has already served his sentence. Defendant also
argues that applying the Act to defendants such as himself, who committed their crimes before its
effective date, violates the Illinois Constitution's provision against ex post facto, or retroactive,
criminal laws. Ill. Const. 1970, art. I, §16. The majority rejects both of these arguments by
characterizing the confinement authorized by the Act as civil rather than criminal in nature. The
majority's characterization is incorrect.

[53]    There are a multitude of compelling reasons to conclude that confinement under the Act is criminal
punishment rather than a mere civil remedy. The most obvious is that the Act is found in the Code of
Criminal Procedure of 1963. See 725 ILCS 207/1 et seq. (West 1998). More importantly, the Act
explicitly affords defendants against whom it is enforced "[a]ll constitutional rights available to a
defendant in a criminal proceeding." 725 ILCS 207/35 (West 1998). The Act also mandates the use
of criminal rules of evidence. 725 ILCS 207/35 (West 1998). Although the General Assembly is to
be commended for providing these criminal procedural safeguards within the Act, their inclusion
serves to underscore the criminal character of the Act. Moreover, defendants adjudicated sexually
violent under the Act are confined in Department of Corrections facilities. 725 ILCS 207/15 (West

1998).

[54]     Yet another indication of the criminal character of the Act is that, in the vast majority of cases, it
applies only to defendants who have been convicted of, and are already serving a sentence for, a
criminal sexual offense. *fn2 725 ILCS 207/5(f) (West 1998). In other words, a criminal charge or
conviction is a necessary precondition for confinement under the Act. If the Act were truly civil, it
would apply to all persons who have a mental disorder of a sexual nature rather than only to those
who have been prosecuted for a sexual crime. Similarly, the fact that the Act allows the State to
request continued confinement of a defendant whom the State has already chosen to prosecute
criminally shows that the State is really merely seeking to impose a supplemental sentence of
confinement. In cases such as this, the State had the option of seeking civil commitment in lieu of
criminal proceedings at the time of the original charge. See 405 ILCS 5/1-100 et seq. (West 1996);
725 ILCS 205/1-0.01 Sexually Dangerous Persons Act et seq. (West 1996). That the State in every
proceeding under the Act has chosen not to exercise this fully available civil option contradicts the
State's assertion that the Act's purposes are civil and demonstrates that the Act is a pretext for
incarcerating sexual offenders for longer periods of time than the sentence which the Criminal Code
provides. Certainly, the legislature has wide discretion in fixing penalties for specific crimes. Should
the legislature wish to increase the penalties for sexual crimes, it has that option. What it may not do,
however, is attach a second sentence subsequent to the one for which the defendant was initially
sentenced.

[55]     Further indication that the Act's procedures are merely a proxy for imposing additional criminal
punishment comes from the astonishing ease with which a convicted sex offender can be brought
within the Act's provisions. Incarceration under the Act is premised upon a finding that a convicted
sex offender suffers from a "mental disorder." 725 ILCS 207/5(f) (West 1998). The Act defines
"mental disorder" as "a congenital or acquired condition affecting the emotional or volitional
capacity that predisposes a person to engage in acts of sexual violence." 725 ILCS 207/5(b) (West
1998). The facts of the instant case aptly demonstrate, however, that a finding of a mental disorder
flows almost inexorably from a conviction for a violent sex offense. When asked at the probable
cause hearing to identify the "mental disorder" from which defendant was suffering, the State's expert
diagnosed defendant as having "pedophilia." When asked what factors enabled her to arrive at this
diagnosis, the State's expert explained, "The first criteria is that over-longer than a six month period
[defendant] engaged in sexual behavior with children in spite of any consequences. The second
criteria is that despite consequences, personal and criminal consequences, he kept-in spite of that he
continued his behaviors." Thus, the State's expert in this case was able to diagnose defendant as
having a "mental disorder" within the meaning of the Act solely by virtue of defendant's having
committed the acts which led to his criminal conviction and punishment. In light of this fact, the
State's contention that the Act's procedures are not criminal is entirely incredible.

[56]     Finally, the indefinite nature of the confinement period under the Act is a telling manifestation of the
Act's criminal purposes. By allowing the State to secure a defendant's continued incarceration even
after prosecuting and extracting from him the full service of a criminal sentence, the Act effectively
amends every sentencing statute applicable to sexual crimes to give the State the option of seeking
life imprisonment whenever it is displeased with the sentence imposed by the court in the defendant's
original prosecution. The Illinois Constitution cannot countenance such a perverse transmutation of
the criminal law. If the State desires to adopt a policy mandating a life sentence for certain serious

sexual crimes, it must do so openly within the sentencing provisions of the Criminal Code.

[57]    Because the Act is criminal rather than civil, it violates the Illinois Constitution's double jeopardy provision by imposing further punishment upon defendants who have already served their sentences. Furthermore, when the Act is applied to individuals such as defendant, who committed their crimes before it was passed, it also violates the Illinois Constitution's ex post facto clause. The majority rejects these arguments because the United States Supreme Court has rejected them as a matter of federal constitutional law. Fortunately, the United States Supreme Court has no authority to curtail the protections afforded by our own state constitution. See People v. Krueger, 175 Ill. 2d 60, 74 (1996). The Act is unconstitutional as a matter of Illinois law. Because the majority holds otherwise, I respectfully dissent.

Opinion Footnotes

[58]    *fn1 In the majority opinion, David Samuelson is referred to as "defendant." Because this is a civil commitment proceeding and not a criminal case, I will refer to him as "respondent."

[59]    *fn2 The Act may also be applied to offenders who have been found not guilty of a sexually violent offense by reason of insanity. 725 ILCS 207/5(f) (West 1998).

20000121