UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOHN NEW,

      Plaintiff,

07-3147

BRIAN THOMAS et al.,

      Defendants.

## Order

Before the Court is Plaintiff's motion for appointment of counsel (d/e 39). He asks for appointment of the same counsel that has been appointed for him in a case pending in the Northern District. There is no indication that the plaintiff has asked counsel whether they would consent to such an appointment.

In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

Applying this framework, it appears that the plaintiff has made reasonable attempts to find counsel on his own (d/e 2). Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

Upon review of Plaintiff's submissions in the record, the Court concludes that the plaintiff is competent to litigate his own case. The plaintiff has some experience litigating in

---

[1] Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

1

federal court, and some of the plaintiff's claims in this case appear to be similar to those he has already pursued or is pursuing in other cases, including the case in the Northern District for which he has been appointed counsel. The plaintiff has not attempted to explain which claims he is pursuing that are not currently being pursued in the Northern District case for which he already has representation. Further, the plaintiff's claims do not appear complex, involving punishment for his refusal to share a room with a committed resident, punishment for refusing to sign certain documents regarding consent to treatment, coercion to consent to treatment, and treatment for arthritis. Only the last claim is arguably complex because it involves a medical condition, but establishing deliberate indifference would not necessarily require an expert, and the plaintiff should be able to establish the condition itself through medical records. The plaintiff's submissions have all been intelligent and literate, displaying an understanding of his claims and the law applicable to them. Accordingly, his motion for appointment of counsel will be denied.

      IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel is denied (d/e 39).

Entered this 30th Day of July, 2008.

                                                s\Harold A. Baker

                                                HAROLD A. BAKER
                                      UNITED STATES DISTRICT JUDGE